IN THE MATTER OF GEORGE M. JAMES, AN ATTORNEY AT LAW.

Argued March 3, 1958—Decided March 31, 1958.

*Mr. Edwin W. Bradway* argued for the order to show cause.

*Mr. Lawrence N. Park* argued the cause for respondent (*Messrs. Lipman and Casella,* attorneys).

The opinion of the court was delivered by

WACHENFELD, J.   After trial by jury, respondent was convicted in the United States District Court for the District of New Jersey of willfully failing to file an income tax return for the calendar year 1954.   On January 17, 1958 he

was sentenced to one year in prison and to pay a $5,000 fine. The prison term was suspended, however, and respondent was placed on probation for a period of three years. The Federal District Court judge made voluntary discontinuance of the practice of law for two years a condition of respondent's probation, specifically stating that this disposition was not to be regarded as an indication or suggestion to our court of the disciplinary measures it should take.

The Cape May County Ethics and Grievance Committee called the fact of respondent's conviction to our attention, and on January 6, 1958 we issued an order directing that he be suspended from the practice of law pending the outcome of a criminal appeal or until the judgment of the Federal District Court should become final. Respondent consented to this suspension and signed the order. Prior thereto, and as soon as he first became aware that the United States intended to press a criminal charge against him for failure to file the tax return in question, respondent had, entirely on his own initiative, voluntarily withdrawn from the active practice of law, notifying the Cape May Ethics and Grievance Committee of his determination. The Committee itself affirms the fact that respondent has not engaged in any form of practice as a member of the local bar since June 1, 1957.

Respondent did not pursue an appeal from his conviction, and, consequently, on February 10, 1958 we directed him to appear and show cause before us why he should not be disbarred or otherwise disciplined.

On the return of the order to show cause, respondent appeared through counsel. The facts herein narrated are not disputed.

In December 1955 or January 1956, within three days after he had been notified by the Internal Revenue Service of his delinquency, respondent submitted a tax return for 1954 and made payment thereon of $2,600. A subsequent audit of this return disclosed an overpayment of almost $1,600.

An affidavit presented to the court by respondent reveals in detail his general background and personal history. He

enjoyed a successful collegiate career and after military service during World War II went on to establish an excellent law school record.

Respondent is now 36 years of age and married. He was admitted to the New Jersey bar in 1947 and worked in the office of another attorney until 1948, when he opened his own office in Wildwood, later becoming a member of a partnership.

Since becoming an attorney, he has devoted a large portion of his time to public service, participating in numerous charitable and civic efforts. He has served as secretary to the Cape May County Bar Association and has been active in its committee affairs. Respondent was county chairman of his political party and several times a candidate for public office. He was appointed a director of a title insurance company as well as of a Cape May financial institution. He bears an excellent reputation in the community in which he lives.

Sometime prior to 1954, respondent became a member of a financial syndicate which was interested in developing a large tract of beachfront acreage in Wildwood. The tract was finally acquired after protracted litigation lasting two years, but by that time all of the other members of the syndicate had dropped out, leaving respondent as the sole owner of the property when the legal difficulties were ultimately resolved.

He found himself obligated by a deed restriction to make vast improvements within a specified time, and during the spring of 1955, when the tax return in question was due, he was busily engaged in attempting to complete the construction of motel units, a restaurant, and other requirements of the building scheme for the development of the beachfront area. He designed the buildings, supervised construction, worked out the financing, and contributed manual labor, while at the same time carrying on his law practice and taking part in various civic projects. Respondent asserts that all of these activities, in addition to his running the motel during the seasonal influx of visitors,

caused extreme pressure and confusion which in turn contributed to his failure to file his tax return on the date it was due. Thereafter, through the fall, his efforts were directed toward obtaining mortgage financing, until he was informed by the Internal Revenue Bureau of his failure to comply with the income tax laws.

Ours is the unpleasant task of deciding the *quantum* of discipline to be imposed.

■■ The objective of disciplinary proceedings is not, in essence, punitive. Each case calls for the exercise of a sound judicial discretion in relation to the particular circumstances involved. Here, the respondent had achieved an exemplary record previous to his present difficulty. His conduct toward the Ethics and Grievance Committee and this court has been characterized by both candor and fairness. By way of self-inflicted penalty, he voluntarily abstained from the practice of law prior to a prohibition contained in any court order.

We think justice is best served by a suspension of the respondent from the practice of law for a period of one year from the date of the original consent order of suspension, *to wit,* January 6, 1958, and until the further order of this court.

*For suspension for one year*—Chief Justice WEINTRAUB, and Justices HEHER, WACHENFELD, BURLING, JACOBS, FRANCIS and PROCTOR—7.

*Opposed*—None.