IN THE MATTER OF BENJAMIN C. GURNIK, AN
ATTORNEY-AT-LAW.

Argued June 1, 1965—Decided June 28, 1965.

*Mr. Frederick C. Vonhof* for the order to show cause.

*Mr. Grover C. Richman, Jr.* argued the cause for respondent.

The opinion of the court was delivered

PER CURIAM. Respondent has been a member of the bar of this State since 1933. In April 1962 he was charged by an information filed in the United States District Court for the District of New Jersey with willfully and knowingly attempting to evade and defeat a part of the income tax due and owing by him and his wife for the calendar year 1955 by filing a false and fraudulent joint tax return. On September 25, 1964 he pleaded *nolo contendere* to the charge. Thereafter a $5,000 fine was imposed by way of sentence. The fine was paid.

Subsequently the record of conviction was presented to the Essex County Ethics Committee for appropriate action. A formal hearing was held thereon at which Gurnik and several character witnesses were heard. On March 25, 1965 the Committee filed a presentment against Gurnik on the basis of the conviction. The matter of discipline to be imposed was submitted to us for determination.

We have said on a number of occasions that derelictions of this kind by members of the bar cannot be overlooked. A lawyer's training obliges him to be acutely sensitive of the need to fulfill his personal obligations under the federal income tax law. In the present case Gurnik's duty to conform his conduct to the requirements of the law was of greater magnitude than that of the ordinary attorney. In 1955 and in 1956 when the infraction of the tax law was committed and the return filed, he was a municipal court magistrate, a position of high public trust. Under the Canons of Judicial Ethics his conduct in every particular was required to be "beyond reproach," and he had a "unique responsibility for the popular image of the entire [judicial] system." *Canons* 4

and 34, *Canons of Judicial Ethics; R. R.* 1:25; *In re Mattera,* 34 *N. J.* 259, 275 (1961).

We have examined respondent's explanation of the attempted tax evasion. It presents neither legal nor ethical justification for the course pursued. After giving consideration to all of the testimony adduced in his behalf, and to his previous record at the bar, we have concluded that he should be suspended from the practice of law for two years and until the further order of the Court. See *In re Van Arsdale,* 44 *N. J.* 318 (1965); *In re Hynda,* 40 *N. J.* 586 (1963); *In re Wagner,* 27 *N. J.* 217 (1958); *In re James,* 26 *N. J.* 392 (1958); *In re Wilson,* 24 *N. J.* 277 (1957).

So ordered.

*For suspension for 2 years and until further order*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*Opposed*—None.