## IN THE MATTER OF HENRY M. SPRITZER.
### AN ATTORNEY-AT-LAW.

·Argued September 12, 1973—Decided October 9, 1973.

*Mr. Richard S. Rebeck* argued the cause for the Middlesex County Ethics Committee.

*Mr. Jack Pincus* argued the cause for respondent (*Messrs. Pincus, Sheehan & Hendricks*, attorneys).

PER CURIAM. The respondent pleaded guilty to one count of an information filed in the United States District Court for the District of New Jersey charging him with failure to file a federal income tax return for the calendar year 1968. He was given a suspended prison sentence, placed on probation for one year and fined $10,000, which has been paid. It is conceded that he had failed to file returns for any year since his admission to the bar in 1958, although the federal prosecution dealt only with the years 1967 and 1968. The tax liability for those years amounts to a substantial sum of money, which has not been paid.

Following the guilty plea, we suspended respondent from the practice of law effective March 12, 1973. He was given leave to make a record before the Middlesex County Ethics

Committee by way of mitigation. Such a hearing was held and the Committee has filed its presentment based thereon. There is now before us the matter of the ultimate discipline to be imposed.

The mitigating circumstances urged revolve around the following situation. Upon his admission to the bar, he formed a partnership with his father, now deceased, which continued during the period in question. The father suffered recurring episodes of disabling illness until his recent death. Respondent soon discovered that his father had not filed a federal income tax return for 30 years or more. Respondent was put to the choice of exposing his father to criminal sanctions if he filed a return himself, which he felt might have a severe impact upon his father's health, or of continuing the pattern of non-filing. He sought no independent advice and chose the latter course.

The Committee found his explanation credible and we accept it. It also concluded that the circumstances did not constitute justification for failure to file returns. We thoroughly agree and have many times said that the dereliction is a serious one on the part of any member of the bar, no matter what the excuse, and that a period of suspension is required in all such cases. *See In re Queenan,* 61 *N. J.* 579 (1972).

Taking into consideration, by way of mitigation, the circumstances in which respondent found himself, we conclude that the appropriate penalty is suspension from the practice of law for a period of one year from March 12, 1973 and until the further order of the Court.

It is so ordered.

*For suspension*—Chief Justice GARVEN, and Justices JACOBS, HALL, SULLIVAN, PASHMAN and CLIFFORD—6.

*Opposed*—None.