## IN THE MATTER OF WARREN W. WILENTZ, AN ATTORNEY AT LAW.

Argued October 21, 1975—Decided January 26, 1976.

*Mr. Stanton L. Levy* argued the cause for the Middlesex County Ethics Committee.

*Mr. Justin P. Walder* argued the cause for respondent.

PER CURIAM. Respondent, Warren W. Wilentz, was indicted by a Federal Grand Jury for violating 26 *U. S. C.* § 7203, in that he failed to file income tax returns for each of the years 1969–1972 and to pay the taxes due in respect thereof. He entered a plea of guilty to the count of the indictment concerning the year 1971, whereupon the other counts were dismissed. All taxes have since been paid in full. Respondent candidly admits that the charged violations did in fact occur.

The measure of discipline to be imposed because of a dereliction of this sort is not easily determined. Cases in this State have consistently resulted in the imposition of periods of suspension from the practice of law. The length of the suspension in each instance has been determined by the

particular facts before the Court. *In re Wagner,* 27 *N. J.* 217 (1958); *In re Margolis,* 55 *N. J.* 291 (1970) (3 years in each case); *In re Polack,* 60 *N. J.* 548 (1972) (2-1/2 years); *In re Hynda,* 40 *N. J.* 586 (1963) (2 years); *In re Wilson,* 24 *N. J.* 277 (1957); *In re James,* 26 *N. J.* 392 (1958); *In re Van Arsdale,* 44 *N. J.* 318 (1965); *In re Hartman,* 54 *N. J.* 372 (1969); *In re Queenan,* 61 *N. J.* 579 (1972); *In re Spritzer,* 63 *N. J.* 532 (1973) (1 year in each case); *In re Vieser,* 56 *N. J.* 60 (1970); *In re Knox,* 58 *N. J.* 218 (1971) (6 months in each case). In many other jurisdictions — although by no means in all — less severe penalties, such as a reprimand or 30-day suspension, have been deemed adequate. Annotation, "Federal Income Tax Conviction as Constituting Nonprofessional Misconduct Warranting Disciplinary Action Against Attorney," 63 *A. L. R.* 3d 512, 519–526 (1975). In view of the serious nature of the offense, especially when committed by a member of the bar, we are not persuaded that such more lenient measure of discipline is generally appropriate.

The case before us includes mitigating circumstances. Respondent has had a commendable record of achievement at the bar and has contributed much by way of public service within his community. His failure to file the returns and pay the taxes due resulted from an unfortunate family problem and was not motivated by any desire to evade his tax obligations. He had, in fact, by borrowing and otherwise, brought together the substantial sum necessary to pay all arrearages and was about to do so at the time the indictments were returned. These considerations, however, cannot in any way excuse respondent's conduct.

Taking into account all the circumstances of this case, we conclude that respondent should be suspended from the practice of law for a period of one year and until the further order of this Court. The period of suspension shall be deemed to have commenced on June 26, 1975, the date of the entry by this Court, with respondent's consent, of an order of temporary suspension.

*For suspension for one year*—Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—6.

*Opposed*—None.

### ORDER

It is ordered that Warren W. Wilentz of Perth Amboy be suspended from the practice of law for one year and until further order of the Court, effective June 26, 1975; and it is further

Ordered that Warren W. Wilentz be and hereby is restrained and enjoined from practicing law during the period of his suspension.