(No. 51556.—

*In re* SIDNEY GOLD, Attorney, Respondent.

*Opinion filed Ocotber 19, 1979.*

Charles S. Morgan and Philip Schickedanz, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

Dennis A. Berkson and Miles N. Beermann, of Chicago, for respondent.

MR. JUSTICE WARD delivered the opinion of the court:

A criminal information was filed in the United States District Court for the Northern District of Illinois charging that the respondent, Sidney Gold, who was admitted to the bar of Illinois in 1964, had failed to file income tax returns for 1971, 1972 and 1973. It alleged gross income for 1971 to have been $33,329.50, for 1972 to have been $45,447.06, and for 1973 to have been $55,957.45. After negotiated plea discussions the respondent pleaded guilty to the count charging a failure to file for 1973 and was sentenced to a term of one year. The order provided that the sentence was suspended and the defendant placed on probation for one year on the condition that he spend 60 days at the Metropolitan Correctional Center on the work-release program and pay income taxes due for 1971, 1972 and 1973. On the government's motion the counts charging violations for 1971 and 1972 were dismissed.

Following the filing of a complaint with the Attorney Registration and Disciplinary Commission charging a wrongful failure to file returns for 1971, 1972 and 1973, the Hearing Board of the Commission recommended that the respondent be suspended from the practice of law for one year. The Hearing Board found that the respondent's conduct in violating the law by failing to file a tax return for 1973 tended to bring the legal profession into serious disrepute and caused doubt in the public mind as to the integrity of the bar. The Review Board affirmed the Hearing Board's findings and recommendation that the

respondent be suspended for one year. (The chairman and four members voted to suspend, two members voted to censure, and one member did not participate in the review.)

The respondent contended before the Hearing Board that he believed he did not have sufficient income for the three years in question to require his filing Federal tax returns. He said he pleaded guilty only because of the recommendations of the two attorneys who successively represented him, the costs that a trial would have entailed, and because the judge "refused to allow any delay." The respondent, after being sentenced, had moved unsuccessfully for a reduction of sentence; he did not at any time move to vacate the plea of guilty and substitute a plea of not guilty. As we have said, the Hearing Board found that the evidence showed the respondent's guilt of a failure to file a return for 1973. It concluded that the Administrator did not make an adequate showing of guilt for 1971 and 1972. The Hearing Board's finding as to 1973 was unquestionably correct. A respondent cannot seek to try again the issue of guilt after he has been convicted. Our Rule 761 in part provides: "In any hearing conducted pursuant to this rule, proof of conviction is conclusive of the attorney's guilt of the crime." (58 Ill. 2d R. 761.) Under the disposition we make in this case it will not be necessary to consider whether the Hearing Board's findings as to the complaint's charges for 1971 and 1972 were correct.

This court in *In re O'Hallaren* (1976), 64 Ill. 2d 426, held that an attorney's conviction of a failure to file a Federal income tax return "while not necessarily establishing moral turpitude, conclusively established misconduct constituting grounds for discipline in the absence of mitigating circumstances of an extraordinary nature." We cannot agree with the respondent's contention that the evidence showed the hearing and review boards erred in

holding the evidence showed there were grounds for discipline. The respondent testified that he had heavy medical expenses because of severe illnesses of his wife over a considerable period of time, including 1971, 1972 and 1973. He said that he had medical insurance in 1971 and prior to 1971 but didn't have coverage in 1972 and 1973. He said that he did not recall how much money he had expended for his wife's medical care in 1971 or 1972. In response to his attorney's question as to what his estimate was for his wife's medical expenses in the three years involved here, the respondent replied that he had no way of estimating. His attorney asked whether it would have been in excess of $10,000, and he answered that he assumed so.

There was other testimony by the respondent, including testimony that he had kept some papers in a desk at home which reflected expenses and income and were relevant to the preparation of his income tax returns. He stated that the desk had been ransacked in either 1972 or 1973 and that afterward a number of these papers were missing. He also told the Hearing Board that in 1973 he had to borrow money to avert an attempted foreclosure on his home but he did not recall how much money he had to borrow. He testified, too, that his two children were teenagers and lived at home during the 1971-to-1973 period.

The respondent, in testifying, claimed heavy medical expenses. He, however, did not itemize or particularize them in any way and offered nothing to support the claim of these expenses. There was no evidence of other expenses. The record shows, too, that the respondent's picture was not an unqualified picture of financial distress. He acknowledged on cross-examination that he had bought two new autos—a Mercury and a Lincoln Continental—in 1971. In 1972 he bought a single-engine airplane "to generate business." The respondent testified that he was

employed by a law firm in 1971, and he estimated that his gross income for that year was about $29,000. (He said he was a sole practitioner in 1972 and in part of 1973 and that he was in partnership with another attorney for the other part of 1973 and in 1974.) The count to which the respondent pleaded guilty without any qualification alleged an income in 1973 of $55,957.45.

As we have said, we are not persuaded that there were not grounds for discipline. Too, we cannot say that the recommendation for a suspension from practice of one year is severe and excessive, as the respondent contends.

There was no error in the conclusion of the boards that the respondent's conviction tended to bring the legal profession into disrepute and cause public doubt as to the bar's integrity. This court has held: "An attorney's failure to file returns and his subsequent conviction of that offense diminish public confidence in the legal profession and tend to bring it into disrepute." *In re O'Hallaren* (1976), 64 Ill. 2d 426, 434.

Professional disciplining is a melancholy business, and the case of this attorney is no exception. We consider, however, that the finding of the Hearing Board as to 1973 was not erroneous and that its recommendation that the respondent be suspended from the practice of law for a period of one year is appropriate.

*Respondent suspended.*