**In the Matter of the Application for the Discipline of James Emmanuel KERR, an Attorney at Law of the State of Minnesota.**

No. 50274.

Supreme Court of Minnesota.

Dec. 28, 1979.

Michael Hoover, Administrative Director on Professional Conduct, Lawyers Professional Responsibility Bd., St. Paul, for appellant.

Bailey W. Blethen, Mankato, for respondent.

PER CURIAM.

These disciplinary proceedings arise out of the conviction of respondent Kerr for wilfully and knowingly failing to file his federal income tax return for the year 1976. The federal court placed him on probation for two years on condition he cooperate with the Internal Revenue Service in paying his taxes, and contribute 400 hours of legal or community services to indigent or needy persons.

The respondent is forty-three years of age and was admitted to practice on January 1, 1961. He has been a sole practitioner in Tracy, Minnesota, since his admission except for a brief stint in 1965 with the Judge Advocate General's Office in Texas.

From 1960 to 1973 he was an acknowledged alcoholic. This led to his divorce in 1964 and resulted in his having no substantial income until 1973. In February 1973 respondent gave up drinking and has been

abstinent ever since. His practice has prospered and he has become city attorney for municipalities of both Tracy and Currie.

Respondent filed no federal or state income tax returns for the years 1973, 1974, 1975, or 1976, incurring liabilities of $4,973.18 to the state, and $18,129.75 to the federal government including penalties and interest.

Those amounts have now been paid in full, as well as the taxes for 1977 and 1978, through bank loans made on respondent's behalf by friends and colleagues in the district bar where he has recently served as president.

We said in *In re Bunker,* 294 Minn. 47, 55, 199 N.W.2d 628, 632 (1972), that failure to pay income taxes was conduct which adversely reflected on a lawyer's fitness to practice law and that probation in such cases would be reserved for only those situations where "extreme, extenuating circumstances" were proven. This is such a case.

We are satisfied that following his recovery from chronic alcoholism respondent suffered from a psychological aberration which prevented his filing returns because he found himself without funds to pay his taxes when due. He has been guilty of no fraud or deceit, nor has he breached any duty to clients or to others with whom he has had professional dealings. Judges, lawyers, and municipal officials have demonstrated their confidence in his professional competence and integrity. Under these circumstances we find it proper and appropriate to approve the stipulation entered by the Lawyers Professional Responsibility Board and respondent which may be summarized as follows:

1. Respondent will be on probation to this court for five years.

2. Respondent will commit no further violations of the Code of Professional Responsibility.

3. Respondent will remain abstinent.

4. Respondent will comply with the terms of the probation imposed by the federal court.

5. Respondent will file and pay all state and federal income taxes when due.

6. Respondent consents to a convening of the Lawyers Professional Responsibility Board on seven days notice in the event he is charged with any further violations of the Code.

It is so ordered.