■ In the Matter of LARRY G. CAMPBELL, Petitioner, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, et al., Respondents. — Application for permission to proceed as a poor person and for assignment of counsel, treated as an application pursuant to CPLR 5704 (subd [a]), denied (see *Matter of King v Gregorie,* 90 AD2d 922). Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.

# (March 7, 1983)

■ In the Matter of DESMOND P. SULLIVAN, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Respondent was admitted to the Bar by the Appellate Division, Second Department, on June 19, 1963. Since 1965 he has practiced law in Glens Falls, Warren County. On March 19, 1982, he was convicted in the United States District Court for the Northern District of New York, upon his plea of guilty, of the misdemeanor of willful failure to file an income tax return for the year 1978 in violation of section 7203 of the Internal Revenue Code (US Code, tit 26, § 7203), fined $10,000 and placed on probation for one year. Under the recent amendments to section 90 of the Judiciary Law (L 1979, ch 674, § 1), an attorney's conviction for willful failure to file an income tax return is denominated a "serious crime" (Judiciary Law, § 90, subd 4, par d) and mandates the attorney's suspension unless such suspension is set aside by the Appellate Division (subd 4, par d). Respondent filed a record of his conviction with the court and moved to set aside his automatic suspension. Petitioner instituted this proceeding charging that respondent's conviction constitutes professional misconduct. We granted respondent's motion and thereafter referred the matter to a referee, who has filed a report sustaining the charge. Petitioner moves to confirm the report. Respondent's conviction for failure to file an income tax return constitutes professional misconduct. (*Matter of Romas,* 71 AD2d 969.) Accordingly, petitioner's motion to confirm the report of the referee is granted. In determining an appropriate sanction for respondent's misconduct, we are of the opinion that he should be suspended from the practice of law for a period of three months. Respondent suspended for a period of three months, the date of suspension to be fixed in the order to be entered hereon. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Weiss, JJ., concur.