21875

IN the Matter of Robert Alera GAMBLE, Respondent.
(300 S. E. (2d) 737)

*Atty. Gen. T. Travis Medlock* and *Sr. Asst. Atty. Gen. Richard B. Kale, Jr.*, Columbia, *for complainant.*

*Michael D. Glenn*, Anderson, *for respondent.*

March 9, 1983.

*Per Curiam:*

This disciplinary proceeding is before the Court on respondent's tender of a conditional admission in exchange for a public reprimand pursuant to section 28 of the Rule on Disciplinary Procedure. The Executive Committee of the Board of Commissioners on Grievances and Discipline unanimously recommended that the consensual discipline be accepted. We concur in the Board's recommendation and impose a public reprimand.

By Order of January 25, 1983, published with the opinions of the Court, respondent was temporarily suspended from the practice of law pending final disposition of this disciplinary proceeding. Rule on Disciplinary Procedure, §§ 6 (A), 7 (B). With the imposition of the sanction here, that Order is rescinded.

Respondent was charged in the United States District Court for the District of South Carolina, Columbia Division, with two counts of willfully and knowingly failing to timely file federal income tax returns. The charges pertained to tax years 1977 and 1978 when respondent's gross income was alleged to have been $57,519.84 and $73,625.17, respectively. As the result of a plea bargaining agreement, the count relating to tax year 1977 was dismissed, and respondent plead

guilty to the remaining count. He was sentenced to one-year imprisonment suspended, and five years' probation with the conditions that he pay a fine, file all tax returns that are due, and complete all payments of taxes and penalties.

Respondent admits that he committed a "Serious Crime" under section 2 (N) of the Rule on Disciplinary Procedure. Conviction of a Serious Crime is "misconduct" as that term is defined in section 5 (C) of the Rule. Under section 7 (A) of the Rule, such misconduct requires disciplinary sanction. Accordingly, the Order of January 25, 1983, temporarily suspending respondent from the practice of law is rescinded, and respondent stands publicly reprimanded for misconduct.