342 S.E.2d 152

### The COMMITTEE ON LEGAL ETHICS OF the W. VA. STATE BAR

v.

### William H. HIGINBOTHAM.

No. 16941.

Supreme Court of Appeals of West Virginia.

March 12, 1986.

Robert H. Davis, Jr., W.Va. State Bar, Charleston, for appellant.

Herbert G. Underwood, Clarksburg, for appellee.

McHUGH, Justice:

This is a disciplinary action against William H. Higinbotham, a West Virginia attorney, filed by the Committee on Legal Ethics (Committee) of the West Virginia State Bar. Higinbotham was charged with a violation of DR 1–102(A)(6) of the West

Virginia Code of Professional Responsibility.[1] The basis of the charge was his failure to file federal income tax returns for nine consecutive years and his plea of guilty to the misdemeanor offense of willful failure to file a federal income tax return for the calendar year 1978. The case is now before this Court on the complaint filed by the Committee, the full record of the disciplinary proceeding, the briefs and argument of counsel, and the recommendation. of the Committee that Higinbotham be suspended from the practice of law for a period of six months.

Higinbotham was charged in a criminal information with four counts of violating Section 7203 of the Internal Revenue Code (26 U.S.C. § 7203) for willful failure to file federal income tax returns for calendar years 1977 through 1980; that he pleaded guilty, in the United States District Court for the Northern District of West Virginia, to one count of the information charging him with willful failure to file a federal income tax return for 1978, during which year he had a gross income of $65,268.72; that he was convicted upon his plea of guilty, was fined $10,000, and was sentenced to a prison term of one year; that he served five months of his sentence, the balance having been suspended; that he was placed on five years' probation; and that a presentence investigation report revealed that he had failed to file federal income tax returns for nine consecutive years from 1975 through 1983.

In his answer to the statement of charges, Higinbotham admitted all the factual allegations, but denied that his failure to file federal income tax returns and his conviction in federal court constituted a violation of DR 1-102(A)(6) of the Code of Professional Responsibility.

A hearing was held before three members of a subcommittee of the Committee on Legal Ethics. Certified copies of the information, the plea agreement, the order accepting the plea of guilty and the sentencing order were received into evidence without objection.

Higinbotham testified that he had practiced law in Morgantown since his graduation from law school in 1967. The volume of work in his law practice began to increase dramatically in 1975 when he represented the developers of a mall, a coal company involved in acquiring a large amount of real estate, a hospital that was reorganizing its corporate structure, and a financial firm that was involved in a construction bond program. During this same period of time, as his workload was increasing, he lost three of his associates, two because of death and one due to retirement. In explaining why he failed to file a federal income tax return for 1975, he said: "Gentlemen, I took on an amount of work and paid attention to it rather than doing those things for myself that I should have."

■ Following the hearing, the subcommittee made its report containing findings of fact, conclusions of law and recommendation. The subcommittee found "no mitigating circumstances excusing or explaining the failure to file a Federal Income Tax Return for taxable year 1978." The subcommittee also viewed the failure to file returns for nine years as an aggravating factor. Consequently, it was recommended he be suspended from the practice of law for six months. The full Committee on Legal Ethics, by unanimous vote, adopted the subcommittee's report.

In attorney disciplinary proceedings based on a complaint charging professional misconduct and prosecuted by The Committee on Legal Ethics of the West Virginia State Bar for publicly reprimanding the attorney and for suspending the license of the attorney to practice law, the burden is on the committee to

---

1. DR 1–102(A) provides:

 A lawyer shall not:

 (1) Violate. a Disciplinary Rule.

 (2) Circumvent a Disciplinary Rule through actions of another.

 (3) Engage in illegal conduct involving moral turpitude.

 (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

 (5) Engage in conduct that is prejudicial to the administration of justice.

 (6) Engage in any other conduct that adversely reflects on his fitness to practice law.

prove the charges in the complaint by full, clear and preponderating evidence. Syl. pt. 2, *Committee on Legal Ethics v. Daniel,* 160 W.Va. 388, 235 S.E.2d 369 (1977). All of the factual allegations underlying the charged ethical violation were fully and clearly proved.

 In his brief, Higinbotham does not contest the Committee's conclusion that he violated DR 1–102(A)(6) of the Code of Professional Responsibility. A violation, by a member of the bar, of 26 U.S.C. § 7203 (willful failure to file federal income tax return) has been held to be unethical and unprofessional conduct in violation of Canons 29 and 32 of the Code of Professional Ethics.[2] *Committee on Legal Ethics v. Scherr,* 149 W.Va. 721, 143 S.E.2d 141 (1965). It is undisputed that Higinbotham engaged in illegal conduct which clearly and forcefully reflects on Higinbotham's fitness to practice law. The willful failure to file an income tax return constitutes a violation of DR 1–102(A)(6) of the Code of Professional Responsibility. *See In re Disciplinary Action Against Lee,* 334 N.W.2d 163 (Minn.1983).

He contends, however, that the recommended discipline is too severe, citing the following circumstances as factors to be considered in mitigation of punishment: incarceration for five months during which he was unable to practice law; imposition of $10,000 fine; loss of associates in his law practice leading to increased workload; and cooperation with the Internal Revenue

Service in resolving his tax difficulties. He also relies on *Scherr, supra* where this Court imposed a one-month suspension for a similar violation.

In *Scherr,* an attorney who violated 26 U.S.C. § 7203, was charged by the Committee on Legal Ethics with an ethical violation involving moral turpitude and recommended the attorney's suspension for one year. We distinguished between the felony of evading or defeating the payment of taxes, 26 U.S.C. § 7201, from the misdemeanor of willfully failing to file a tax return, 26 U.S.C. § 7203, and we concluded that the misdemeanor offense did not involve moral turpitude. We reached this conclusion by viewing the accused attorney's reputation and the deaths of his wife, mother, and father as mitigating circumstances. Nevertheless, we also concluded that the accused attorney was subject to discipline for violation of the Code of Professional Ethics. Accordingly, we suspended Scherr from the practice of law for one month.

 With respect to the type and extent of disciplinary sanction in a case involving a violation of 26 U.S.C. § 7203, we noted a wide variation among the courts contemplating such discipline. *Scherr, supra,* 149 W.Va. at 730, 143 S.E.2d at 147. We are still of this view. *See Annotation,* 63 A.L.R.3d 512. The range of sanctions includes censure,[3] public reprimand,[4] probation,[5] suspension for a definite [6] or indefi-

---

2. Canons 29 (Upholding the Honor of the Profession) and 32 (The Lawyer's Duty in Its Last Analysis) of the Code of Professional Ethics were superseded by the current Code of Professional Responsibility, effective July 1, 1970.

3. *Matter of Jonas,* 70 App.Div.2d 469, 421 N.Y.S.2d 370 (1979); *Matter of Claybrook,* 82 App.Div.2d 447, 441 N.Y.S.2d 716 (1981).

4. *In re Beamish,* 327 So.2d 11 (Fla.1976); *Matter of Gamble,* 278 S.C. 651, 300 S.E.2d 737 (1983); *Matter of Jarstad,* 74 Wis.2d 302, 246 N.W.2d 665 (1976).

5. *Matter of Application of Kerr,* 287 N.W.2d 652 (Minn.1979).

6. *In Re Rohan,* 21 Cal.3d 195, 145 Cal.Rptr. 855, 578 P.2d 102 (1978) (60-day suspension); *In Re Gold,* 77 Ill.2d 224, 32 Ill.Dec. 912, 396 N.E.2d

25 (1979) (one-year suspension); *Matter of Schnaitter,* 407 N.E.2d 1153 (Ind.1980) (30-day suspension); *Kentucky State Bar Assn. v. Vincent,* 537 S.W.2d 171 (Ky.1976) (six-month suspension); *Kentucky State Bar Assn. v. Trimble,* 540 S.W.2d 599 (Ky.1976); *State Bar v. Lewis,* 394 Mich. 224, 229 N.W.2d 316 (1975) (130-day suspension); *Matter of Hughes,* 69 N.J. 116, 351 A.2d 345 (1976) (six-month suspension); *Matter of Walsh,* 55 App.Div.2d 315, 390 N.Y.S.2d 612 (1977) (six-month suspension); *Matter of Sullivan,* 92 App.Div.2d 978, 459 N.Y.S.2d 633 (1983) (three-month suspension); *Matter of Wilentz,* 69 N.J. 121, 351 A.2d 347 (1976) (one-year suspension); *Matter of Clark,* 613 P.2d 1218 (Wyo. 1980) (six-month suspension); *In re Disciplinary Action Against Lee, supra* (one-year suspension); *Columbus State Bar Association v. Wolfe,* 70 Ohio St.2d 55, 24 Ohio Ops.3d 113, 434 N.E.2d 1096 (1982) (one-year suspension).

nite period[7] and disbarment.[8] In syllabus point 2 of *Committee on Legal Ethics v. Mullins,* 159 W.Va. 647, 226 S.E.2d 427 (1976), we said:

> In disciplinary proceedings, this Court, rather than endeavoring to establish a uniform standard of disciplinary action, will consider the facts and circumstances, including mitigating facts and circumstances, in determining what disciplinary action, if any, is appropriate, and when the committee on legal ethics initiates proceedings before this Court, it has a duty to advise this Court of all pertinent facts with reference to the charges and the recommended disciplinary action.

██ We do not consider Higinbotham's imprisonment and fine to be mitigating factors. These are punishments imposed by the criminal justice system and have no bearing on the appropriateness of disciplinary action undertaken to vindicate the high standards of professional conduct to which attorneys must adhere. His overburdened law practice is somewhat mitigative but is far outweighed by the aggravated circumstance of his failure to file tax returns for nine consecutive years.

Where a lawyer has pleaded guilty to a charge of willful failure to file a federal income tax return and it also appears that said lawyer has failed to file federal income tax returns for a period of nine consecutive years, and has thereby violated DR 1–102(A)(6) of the Code of Professional Responsibility, a six-month suspension from the practice of law is an appropriate disciplinary sanction. We therefore adopt the recommendation of the Legal Ethics Committee. William H. Higinbotham is suspended from the practice of law in this State for a period of six months. Expenses incurred by the Committee in the investigation and hearing of this matter, in the amount of $548.12, are to be paid by the respondent attorney. *See* State Bar By-Laws, Art. VI, § 20; *Committee on Legal*

*Ethics v. Daniel, supra,* 160 W.Va. at 395, 235 S.E.2d at 373.

Six-month suspension.

---

7. *Ohio State Bar Association v. Stimmel,* 61 Ohio St.2d 316, 15 Ohio Ops.3d 389, 401 N.E.2d 926 (1980); *Ohio State Bar Association v. Tekulve,* 42 Ohio St.2d 285, 71 Ohio Ops.2d 259, 328 N.E.2d 405 (1975).

8. *Attorney Grievance Commission v. Barnes,* 286 Md. 474, 408 A.2d 719 (1979).