IN THE MATTER OF ROBERT H. CHESTER, AN
ATTORNEY AT LAW.

Decided January 12, 1990.

## ORDER

The Disciplinary Review Board having filed a report with the Supreme Court recommending that ROBERT H. CHESTER, of CLIFTON, who was admitted to the Bar of this State in 1960, be suspended from the practice of law for a period of six months, and good cause appearing;

It is ORDERED that the findings of the Disciplinary Review Board are hereby adopted and respondent is suspended from the practice of law for six months, effective January 29, 1990; and it is further

ORDERED that the Decision and Recommendation of the Disciplinary Review Board, together with this order and the full record of the matter, be added as a permanent part of the file of said ROBERT H. CHESTER as an attorney at law of the State of New Jersey; and it is further

ORDERED that ROBERT H. CHESTER be and hereby is restrained and enjoined from practicing law during the period of his suspension; and it is further

ORDERED that respondent comply with Administrative Guideline No. 23 of the Office of Attorney Ethics dealing with suspended, disbarred or resigned attorneys; and it is further

ORDERED that ROBERT H. CHESTER reimburse the Ethics Financial Committee for appropriate administrative costs.

### Decision and Recommendation of the
### Disciplinary Review Board

This matter is before the Board on Motion for Final Discipline Based Upon a Criminal Conviction filed by the Office of Attorney Ethics (OAE), pursuant to *R.* 1:20–6(c)(2)(i). Respondent pleaded guilty to willful failure to file an income tax return for the calendar year 1984, in violation of 26 *U.S.C.A.* § 7203.

On February 14, 1989, respondent was charged in a federal information with four counts of failure to file personal income tax returns for the calendar years 1982, 1983, 1984, and 1985.

On March 23, 1989, respondent entered a guilty plea to the charge of willful failure to file an income tax return for 1984. On April 25, 1989, respondent was sentenced to a probationary term of three years and a fine of $25,000. Respondent's probation was subject to three conditions:

1. Cooperation with the Internal Revenue Service by making full restitution of all taxes, interest, and penalties due to the United States.

2. Cooperation with any mental health treatment program suggested by the Probation Department.

3. Payment of a $25,000 fine during the probation period as well as a special $25.00 assessment.

At the time of the sentencing in the United States District Court of New Jersey, the magistrate considered several mitigating factors. First, respondent had paid approximately $203,-000 of the $248,000 owed to the IRS for the years he did not file his tax returns. Second, during the period of time in question, respondent was going through a difficult time both emotionally and financially. Respondent and his ex-wife had been to court on numerous occasions for modification of a previous matrimonial order, and he was under considerable financial pressure for the support and education of his five teenage children. In addition, his wife had moved the children over five hundred miles away, which was stressful, as he was very close to his children and wanted to remain an involved father. Finally, in the 1980s respondent had been a partner in two separate law firms which had disbanded due to financial difficulties.

The magistrate did not find that respondent intentionally engaged in tax evasion. Respondent did not pay his taxes, but there was no attempt to hide his income as seen by the fact that he reported his partnership earnings in a separate filing with the IRS. However, the magistrate did conclude that respondent's conduct was particularly egregious in view of the position that respondent held in society as an officer of the court.

A Motion for Final Discipline Based Upon a Criminal Conviction was filed on June 22, 1989. In its brief to the Disciplinary

Review Board, the Office of Attorney Ethics recommended a term of suspension.

## CONCLUSION AND RECOMMENDATION

■ A criminal conviction is conclusive evidence of respondent's guilt. *Matter of Goldberg,* 105 *N.J.* 278, 280 (1978); *Matter of Tuso,* 104 *N.J.* 59, 61 (1986); *R.* 1:20–6(c)(1). Accordingly, there is no need to make an independent examination of the underlying facts to ascertain guilt. *Matter of Conway,* 107 *N.J.* 168, 169 (1987). The extent of final discipline to be imposed is the only issue to be determined. *Matter of Goldberg, supra,* 105 *N.J.* at 280; *In re Infinito,* 94 *N.J.* 50, 56 (1983).

■ Respondent has been convicted of willful failure to file a personal income tax return in violation of 26 *U.S.C.* § 7203. Respondent's criminal conviction demonstrates that he has committed "... a criminal act that reflects adversely on (his) honesty, trustworthiness or fitness as a lawyer ..." *R.P.C.* 8.4(b).

■ A calculus for discipline, even in cases of criminal conviction, must include the nature and severity of the crime, whether the crime was related to the practice of law and any mitigating factors, such as evidence of the attorney's good reputation and character. *Matter of Kushner,* 101 *N.J.* 397, 400 (1986).

The Board finds respondent's crime to be serious. In the words of Chief Justice Vanderbilt:

Taxes are the life blood of government and no taxpayer should be permitted to escape the burden of his just share of the burden of contributing thereto.

[*Appeal of N.Y. State Realty & Terminal Co.,* 21 *N.J.* 90, 96 (1956) (citations omitted).]

Disciplinary cases in New Jersey involving willful failure to file income tax returns have uniformly resulted in a term suspension from the practice of law.

"... [We] have many times said that the dereliction [failure to file an income tax return] is a serious one on the part of any member of the Bar, no matter what the excuse, and that a period of suspension is required in all such cases. [*In re Spritzer,* 63 *N.J.* 532, 533 (1973) (citations omitted).]

Like the case at hand, most failure to file income tax cases involve personal tax violations and do not directly involve the practice of law. Furthermore, strong mitigating circumstances are present in many of these cases. *See, e.g., Matter of Willis,* 114 *N.J.* 42 (1989) (attorney who was afflicted with alcoholism but subsequently rehabilitated himself received a six-month suspension); *In re Esposito,* 96 *N.J.* 122 (1984) (attorney who suffered severe emotional stress resulting from mother's long illness and death was suspended for six months); *In re Hughes,* 69 *N.J.* 116 (1976) (attorney who suffered from recurring and debilitating heart attacks received a six-month suspension). Absent such strong mitigating factors, a suspension for one year or more is normally imposed.

Here, the Board did consider several mitigating factors. Respondent readily admitted his wrongdoing. He has already paid most of his tax liability. Finally, at the time of his criminal conduct, respondent was under significant emotional stress as well as continuing financial difficulties.

As an aggravating factor, the Board has considered that respondent received a previous private reprimand on June 24, 1988, for the use of unbecoming language in the courtroom.

Accordingly, based upon the totality of the circumstances, the Board unanimously recommends that respondent be suspended from the practice of law for a period of six months. The Board further recommends that respondent be required to reimburse the Ethics Financial Committee for appropriate administrative costs.