573 A.2d 155

IN THE MATTER OF MATTHEW A. LEAHEY, AN
ATTORNEY AT LAW.

May 8, 1990.

## ORDER

The Disciplinary Review Board having filed a report with the Supreme Court recommending that MATTHEW A. LEAHEY of TOMS RIVER, who was admitted to the Bar of this State in 1977, be suspended from the practice of law for a period of six months, and good cause appearing;

It is ORDERED that the findings of the Disciplinary Review Board are hereby adopted and MATTHEW A. LEAHEY is suspended from the practice of law for six months, effective May 22, 1990, and until further order of the Court; and it is further

ORDERED that the Decision and Recommendation of the Disciplinary Review Board, together with this order and the full record of the matter, be added as a permanent part of the file of said MATTHEW A. LEAHEY as an attorney at law of the State of New Jersey; and it is further

ORDERED that MATTHEW A. LEAHEY be and hereby is restrained and enjoined from practicing law during the period of his suspension; and it is further

ORDERED that respondent comply with Administrative Guideline No. 23 of the Office of Attorney Ethics dealing with suspended, disbarred or resigned attorneys; and it is further

ORDERED that respondent reimburse the Ethics Financial Committee for appropriate administrative costs.

## APPENDIX

### Decision and Recommendation of the Disciplinary Review Board

This matter is before the Board on a Motion for Final Discipline based upon respondent's guilty plea to willful failure to file an income tax return for the calendar year 1984, in violation of 26 *U.S.C.* § 7203.

Respondent was admitted to the practice of law in New Jersey in 1977. On February 28, 1989, respondent was charged in a Federal Information, filed in United States District Court for the District of New Jersey, with three counts of failure to file personal income tax returns for the calendar years 1982, 1983, and 1984, in violation of 26 *U.S.C.* § 7203. On March 23, 1989, respondent entered a guilty plea to the third count of the information, failure to file in 1984. Thereafter, on March 27, 1989, respondent notified the Office of Attorney Ethics of this plea through counsel. Respondent was sentenced to a probationary term of three years and a fine of $10,000 on May 4, 1989. In addition, the following conditions were imposed: (1) respondent must properly file delinquent returns as well as returns coming due during his probation, and make full restitution of all taxes, interest and penalties owed; (2) respondent, at the discretion of the probation office, must participate in a substance abuse program.

## CONCLUSION AND RECOMMENDATION .

In disciplinary proceedings, a criminal conviction is conclusive evidence of respondent's guilt. *Matter of Goldberg,* 105 *N.J.* 278, 280, 520 *A.*2d 1147 (1987); *Matter of Tuso,* 104 *N.J.* 59, 61, 514 *A.*2d 1311 (1986); *In re Rosen,* 88 *N.J.* 1, 3, 438 *A.*2d 316 (1981); *R.* 1:20–6(b)(1). Therefore, no independent examina-

tion of the underlying facts is necessary to ascertain guilt. *In re Bricker*, 90 *N.J.* 6, 10, 446 *A.*2d 1195 (1982). The only issue to be determined is the quantum of discipline to be imposed. *Matter of Goldberg, supra,* 105 *N.J.* at 280, 520 *A.*2d 1147; *Matter of Kaufman,* 104 *N.J.* 509, 510, 518 *A.*2d 185 (1986); *Matter of Kushner,* 101 *N.J.* 397, 400, 502 *A.*2d 32 (1986); *In re Addonizio,* 95 *N.J.* 121, 123–124, 469 *A.*2d 492 (1984); *In re Infinito,* 94 *N.J.* 50, 56, 462 *A.*2d 160 (1983).

Respondent's conviction clearly and convincingly demonstrates he engaged in a criminal act that reflected adversely on his honesty, trustworthiness and fitness as a lawyer, in violation of *RPC* 8.4(b).

The illegal activity underlying respondent's conviction is not related to the practice of law. *See Matter of Kinnear,* 105 *N.J.* 391, 395, 522 *A.*2d 414 (1987). Nonetheless, good moral character is a basic condition for membership in the bar. *In re Gavel,* 22 *N.J.* 248, 266, 125 *A.*2d 696 (1956). Any misbehavior, private or professional, that reveals lack of the good character and integrity essential for an attorney, constitutes a basis for discipline. *In re LaDuca,* 62 *N.J.* 133, 140, 299 *A.*2d 405 (1973). That respondent's activity did not arise from a lawyer-client relationship, that his behavior was not related to the practice of law or that this offense was not committed in his professional capacity is immaterial. *In re Suchanoff,* 93 *N.J.* 226, 230, 460 *A.*2d 642 (1983); *In re Franklin,* 71 *N.J.* 425, 429, 365 *A.*2d 1361 (1976).

The crime for which respondent was convicted is serious. As stated by Chief Justice Vanderbilt:

Taxes are the lifeblood of government and no taxpayer should be permitted to escape the payment of his just share of the burden of contributing thereto.

[*Appeal of N.Y. State Realty and Terminal Co.,* 21 *N.J.* 90, 96, 121 *A.*2d 21 (1956) (citations omitted).]

■ Disciplinary cases in New Jersey involving willful failure to file income tax returns have uniformly resulted in a term of suspension from the practice of law.

... We have many times said that the dereliction [failure to file an income tax return] is a serious one on the part of any member of the bar, no matter what the excuse, and that a period of suspension is required in all such cases. [*In re Spritzer*, 63 *N.J.* 532, 533, 309 *A.*2d 745 (1973) (citations omitted).]

In determining the quantum of discipline to be imposed, the Board considered several factors in mitigation, including respondent's personal and professional difficulties that led to his failure to file his tax returns. Respondent's rehabilitation has also been noted.

Respondent argues that this matter is similar to the cases of *Matter of Stier*, 108 *N.J.* 455, 530 *A.*2d 786 (1987), and *Matter of Kotok*, 108 *N.J.* 314, 528 *A.*2d 1307 (1987). In those cases, the imposition of one-year suspensions was suspended, and a period of probation was ordered. Respondent contends that he presents many of the same mitigating factors found in those cases. However, the Court has warned against wide-scale reliance on *Stier* and *Kotok*, explaining that "[w]hatever precedential effect may be accorded them is certain to be given sparingly and only in closely analogous circumstances." *Matter of Leahy*, 111 *N.J.* 127, 133, 543 *A.*2d 439 (1988). In *Stier* and *Kotok*, the Court emphasized the remoteness in time of the respondents' offenses—sixteen years and ten years respectively—and noted that one of the goals of discipline, rehabilitation, would not be advanced by imposing suspensions. In both cases, the Court noted that, in the long intervening time period between their transgressions and imposition of discipline, respondents had rehabilitated themselves.

Here, the extensive time period between transgression and discipline emphasized by the Court is not present. The rationale applied in *Stier* and *Kotok* is, therefore, not relevant here.

The Board notes the recent decision in *Matter of Chester*, 117 *N.J.* 360, 567 *A.*2d 1008 (1990), a similar criminal case involving

tax derelictions that resulted in a six-month suspension. *Chester* presented mitigating circumstances similar to respondent's: Chester had admitted his wrongdoing; paid most of his tax liability; and as here, was under significant emotional and financial distress at the time of his criminal conduct.

In view of the foregoing, the Board unanimously recommends that respondent be suspended for six months. One member did not participate.

The Board further recommends that respondent be required to reimburse the Ethics Financial Committee for administrative costs.