721 S.E.2d 767

**In the Matter of Chad Brian HATLEY, Respondent.**

Supreme Court of South Carolina.

Sept. 28, 2011.

### ORDER

JEAN H. TOAL, C.J.

On September 23, 2011, respondent was arrested and charged with two (2) counts of evasion of a tax, property assessment, or payment for tax years 2005 and 2006 in violation of S.C.Code Ann. § 12–54–44(B)(1) (2000), two (2) counts of failure to pay taxes, file a return, and keep records for tax years 2007 and 2009 in violation of S.C.Code Ann. § 12–54–44(B)(3) (2000) and, six (6) counts of failure to collect, account for, or pay over state income taxes for employees during the 2005 through 2009 time frame in violation of S.C.Code Ann. § 12–54–44(B)(2) (2000).

The Office of Disciplinary Counsel has filed a petition asking this Court to place respondent on interim suspension pursuant to Rule 17(a), RLDE, Rule 413, SCACR, and requesting the Court appoint an attorney to protect respondent's clients' interests pursuant to Rule 31, RLDE, Rule 413, SCACR.

IT IS ORDERED that respondent's license to practice law in this state is suspended until further order of the Court.

IT IS FURTHER ORDERED that Hal LaVaughn Beverly, Jr., Esquire, is hereby appointed to assume responsibility for respondent's client files, trust account(s), escrow account(s),

operating account(s), and any other law office account(s) respondent may maintain. Mr. Beverly shall take action as required by Rule 31, RLDE, Rule 413, SCACR, to protect the interests of respondent's clients. Mr. Beverly may make disbursements from respondent's trust account(s), escrow account(s), operating account(s), and any other law office account(s) respondent may maintain that are necessary to effectuate this appointment.

This Order, when served on any bank or other financial institution maintaining trust, escrow and/or operating accounts of respondent, shall serve as an injunction to prevent respondent from making withdrawals from the account(s) and shall further serve as notice to the bank or other financial institution that Hal LaVaughn Beverly, Jr., Esquire, has been duly appointed by this Court.

Finally, this Order, when served on any office of the United States Postal Service, shall serve as notice that Hal LaVaughn Beverly, Jr., Esquire, has been duly appointed by this Court and has the authority to receive respondent's mail and the authority to direct that respondent's mail be delivered to Mr. Beverly's office.

This appointment shall be for a period of no longer than nine months unless request is made to this Court for an extension.

IT IS SO ORDERED.

/s/Jean H. Toal, C.J.
FOR THE COURT