748 S.E.2d 219

**In the Matter of Robert A. GAMBLE, Respondent.**

**Appellate Case No. 2013–001569.**

**No. 27310.**

Supreme Court of South Carolina.

Submitted July 30, 2013.

Decided Sept. 4, 2013.

Lesley M. Coggiola, Disciplinary Counsel, and Charlie Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Michael D. Glenn, of Glenn, Haigler & Stathakis, LLP, of Anderson, for Respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to a sanction ranging from the issuance of a public reprimand to the imposition of a definite suspension not to exceed eighteen months. We accept the Agreement and suspend respondent from the practice of law in this state for eighteen months, retroactive to August 24, 2011, the

date of his interim suspension.[1]  The facts, as set forth in the Agreement, are as follows.

## Facts

Respondent was arrested on September 6, 2012, and charged with misconduct in office by a public official.  The arrest warrant alleged respondent "did habitually neglect his duties as Circuit Defender for the Anderson County Public Defender's Office.  [Respondent] did so neglect by allowing misuse of County and State funds for personal gain and by improperly supervising and approving fraudulent or exhorbant [sic] expense reimbursements."  Respondent was allowed to conclude the charge by entering into the Pre–Trial Intervention Program, which required him to complete fifty hours of community service with Habitat for Humanity and pay a fine of $350.  Respondent successfully completed all of the requirements of the Pre–Trial Intervention Program.  As a result, on March 6, 2013, the criminal charge was nolle prossed.  In addition, on March 8, 2013, the Solicitor consented to the expungement of all records relating to the charge.

According to the Office of Disciplinary Counsel, respondent has cooperated with that office throughout this process.

Respondent previously received a public reprimand after he pled guilty to one count of willfully and knowingly failing to timely file a federal income tax return for the year 1978.  *In re Gamble,* 278 S.C. 651, 300 S.E.2d 737 (1983).

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR:  Rule 5.1 (a lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure the other lawyer conforms to the Rules of Professional Conduct); Rule 8.4(a)(it is professional misconduct for a lawyer to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another);  and Rule 8.4(b)(it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects).

---

1.  *In re Gamble,* 396 S.C. 215, 721 S.E.2d 767 (2011).

Respondent also admits he has violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1)(it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(5)(it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## Conclusion

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law in this state for eighteen months, retroactive to the date of his interim suspension. Respondent shall complete the Legal Ethics and Practice Program Ethics School, Trust Account School, and Advertising School within twelve months of reinstatement. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.