IN THE MATTER OF JOSEPH P. WILSON, AN
ATTORNEY-AT-LAW.

Argued April 8, 1957—Decided May 13, 1957.

For the order, *Mr. David F. Greenberg.*

For the respondent, *Mr. William C. Gotshalk.*

The opinion of the court was delivered by
WACHENFELD, J.   The Camden County Ethics and
Grievance Committee returned a presentment against the
respondent because he had entered a plea of *nolo contendere*
to an information filed in the United States District Court
for the District of New Jersey charging him, a member
of the Bar of this State, with failing to file income tax
returns for the years 1953 and 1954.   On March 1, 1957

respondent was sentenced on the first count of the information to pay a fine of $500. Imposition of sentence was suspended on the second count, and the defendant was placed on probation for the period of one year with conditions, including the full payment of the arrearages due the government. It is concluded that respondent has therefore violated the Canons of Professional Ethics and his oath of office as a member of the Bar of this State.

The facts are not disputed. It appeared upon the return to the order to show cause issued against the respondent that after the initiation of the proceedings in the Federal District Court he had filed a tax return for the year 1953 showing a tax due of $615.68, and that he had likewise filed a tax return for the year 1954 showing a tax due of $615.51. By obtaining loans, he has managed to pay both amounts in full and has entirely cleared himself with the Internal Revenue Department.

The record shows respondent has practiced law in this jurisdiction for 25 years, honorably and without blemish, and was a Deputy Collector of Internal Revenue for a period of five years, beginning in 1936. He is married and the father of ten children and, except for the incident presently being considered, bore a good reputation for honesty and veracity.

Respondent claimed the embarrassment caused by not being able to pay even the small amount due to the government for income tax and the desire, as a matter of false pride, to withhold the truth of his financial dilemma from his former associates in the Internal Revenue office brought about the difficulty with which he is now confronted.

The reason for the respondent's difficult-to-explain conduct is best epitomized by the Federal District Court judge, who made a most thorough investigation of all of the facts and circumstances involved. Some of his observations at the time of imposition of sentence were as follows:

"I guess I can understand the logic of Mr. Feinberg's [the respondent's counsel] argument. If you had never been in the Internal Revenue Department, and were not acquainted with the men and

women there, and had not left there to make a better living in the practice of law, then, possibly, you might not have been so embarrassed by the twofold or the two-edged sword, first of all, in filing an income tax return that would show you weren't making a big living, and secondly, having to admit by filing the return, that you could not even pay immediately the few hundred dollars that was required to be paid on the filing of the return. I guess it would be quite an admission to your former fellow workers that you had left.

\* \* \* \* \* \* \* \*

I think, in very frank terms, you know, as well as I do for the tremendously small amount of money involved here, if actually upon a complete examination you owe anything taking into account all of the dependents you have, if you pay, it is a very small amount, and that you punished yourself more than any man can punish you, in my estimation."

Consideration of all of the facts leads us to the conclusion that the respondent, as noted by the Federal District Court judge, has already been severely punished and that, under all of the circumstances, a suspension for one year is the warranted disciplinary measure.

The respondent accordingly is suspended from the practice of law for a period of one year and until the further order of this court.

*For suspension for one year*—Justices HEHER, WACHEN-FELD, BURLING, JACOBS and WEINTRAUB—5.

*For disbarment*—Chief Justice VANDERBILT and Justice OLIPHANT—2.