Original,
No. 4726.

FORD'S CASE.

Argued March 26, 1959.

Decided April 3, 1959.

*John F. Beamis* and *Francis E. Perkins,* as President and Vice President of the New Hampshire Bar Association (*Mr. Perkins* orally), for the petitioner.

*Sulloway, Hollis, Godfrey & Soden* (*Mr. Sulloway* orally), for the defendant.

KENISON, C. J.   The nature and extent of disciplinary action by a state court against an attorney for a federal income tax conviction has varied greatly in different jurisdictions and necessarily depends in large measure on the facts and circumstances of each individual case.   Anno. 59 A. L. R. (2d) 1398.   The objective of disciplinary action in such cases is not additional punishment of the attorney but rather to protect the public from persons unfit to serve as attorneys (*Delano's Case,* 58 N. H. 5, 6; *Hobbs' Case,* 75 N. H. 285, 287; *In re Burrus,* 364 Mo. 22) and to maintain public confidence in the bar as a whole.   *Welanko's Case,* 99 N. H. 413, 414; *Harrington's Case,* 100 N. H. 243.

It is to be noted in this case that the defendant is charged with a misdemeanor and not a felony (26 U. S. C., s. 7203) that the defendant has not been charged with any attempt to defraud the Government nor has he made any misstatement of fact to the Internal Revenue authorities; that he kept complete records and cooperated with the federal officials from the beginning of the investigation in 1955 until its consummation in 1959.   Additionally, there is no evidence that the defendant has breached any of

his professional duties to clients or has been guilty of other wrongdoing. His professional life has been exemplary and unmarred except for this offense. *In re Means,* 207 Ore. 638. These are all facts to be taken into consideration in determining the extent of disciplinary action to be taken by this court. *In re McKechnie* (Ore.) 330 P. (2d) 727 (1958); *State* v. *Tibbels,* 167 Neb. 247 (1958); *In re Molthan* (Wash.) 327 P. (2d) 427 (1958). More than fifty per cent of the active practicing attorneys of the Rockingham County Bar, of which the defendant is a member, have attested to his professional character. Those who have been associated with him in the practice of law have stated that his relations with clients have been at all times consummated with honesty and ability.

At the hearing on this petition it was suggested that the disciplinary action "should be of a limited nature only by reason of the circumstances of this case." Other recommendations were to the effect that the disciplinary action taken by this court should not go beyond reprimand or censure, or in any event that the disciplinary action be kept to "a minimum." *Kentucky State Bar Ass'n* v. *McAfee* (Ky.) 301 S. W. (2d) 899; *Kentucky State Bar Ass'n* v. *Brown* (Ky.) 302 S. W. (2d) 834.

However, the defendant's actions cannot be condoned even though they do not involve moral turpitude and were prompted by financial fear rather than fraudulent intent. In this case it is believed that censure or reprimand is insufficient; that disbarment is unwarranted; but that suspension for a definite period is warranted as a clear indication that such conduct is not to be disregarded by the bar or by this court.

In the interest of maintaining public confidence in the bar as a whole, the defendant is suspended from the practice of law for a period of two months effective May 1, 1959, and continuing until July 1, 1959.

*So ordered.*

All concurred.