# In Re Reginald B. McShane

[ 175 A.2d 508 ]

November Term, 1961

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed November 21, 1961

**Per Curiam:** This is a presentment filed by the attorney general charging the respondent, a member of the bar, with unprofessional conduct, and requesting his disbarment. A commission consisting of three members of the bar was appointed. A hearing was held by the commission and a report of the facts found has been filed with this Court.

The presentment, here material, alleges:

"2. That on, to wit, the 19th day of December, 1960, Reginald B. McShane appeared with counsel before the United States District Court for the District of Vermont in the case of United States of America v. Reginald B. McShane, Docket No. 6282, and thereupon was convicted, upon his plea of nolo contendere, 'of unlawfully, wilfully and knowingly failing to make an income tax return to the Director of Internal Revenue for the Internal Revenue Collection District of Vermont, at Burlington, Vermont, or to any other proper officer of the United States, for each year of the calendar years 1954, 1955 and 1956, as charged.' "

The allegation that the respondent failed to file the above income tax returns, and his subsequent conviction, is not disputed.

The findings material to our consideration of the case are as follows. Beginning about 1949 the respondent was confronted with personal problems. His office records, for tax purposes, were incomplete during the years 1954, 1955 and 1956, and he was left without secretarial help in 1955.

The respondent, in the fall of 1956, and with the assistance of a friend available only on an occasional weekend, began to assemble information for income tax purposes. In June 1957, when this information was nearly completed, a representative of the Internal Revenue Service demanded and took possession of the information so assembled. Although repeatedly requested by the respondent these records were not returned to him until June 1960.

Mr. McShane had filed his income tax returns for previous years. He filed an estimated tax return for the year 1954 and paid 25% of the estimated tax. For the years under consideration the Internal Revenue Service made its computation entirely from the records furnished by the respondent. No fraud was claimed by the Department of Justice. Respondent never denied his income tax liability, and has cooperated with, and honestly given the internal revenue officers all information available.

From the report of the commission we find no bad faith or evil intent on the part of the respondent. His carelessness, however, does warrant censure and reprimand by the Court, and he is hereby so reprimanded therefor.

*Petition dismissed with reprimand.*