### In re James E. Knapp

[ 245 A.2d 561 ]

June Term, 1968

Present: **Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.**

Opinion Filed August 9, 1968

*Louis P. Peck,* Assistant Attorney General, for the State.

*Lee E. Emerson, Esq.,* for the Defendant.

**Per Curiam.** The attorney general has filed a presentment seeking disciplinary action against the respondent, an attorney. The action is based on respondent's pleas of guilty to three Federal charges, misdemeanors under Federal law. One count charged him with failing to file his income tax return for 1964, for which he was sentenced to six months imprisonment, suspended, and he was placed on probation for five years. Two counts involved failure to file an Employer's Quarterly Federal Tax Return, one for a quarter in 1964, and one in 1965. A fine of $500 was imposed on each of these counts.

Pursuant to our practice a three-man committee of the bar was appointed to hear the matter and report its findings to this Court. The convictions on pleas of guilty were admitted in the answer, and the hearing went on to develop the issue of whether this constituted professional misconduct. Evidence was presented in both exculpation and mitigation. At the time, the committee took its responsibility to be a fact-finding one, and left the issue of whether or not failure to file income tax returns was professional misconduct for resolution by this Court.

*In re McShane,* 122 Vt. 442, 175 A.2d 508, is authority for the proposition that failure to file required income tax returns is evidence of professional misconduct. That holding has been reaffirmed in *In re Calhoun,* 127 Vt. 220, 245 A.2d 560, a case decided after this case had been heard and argued. The issue of unprofessional conduct is settled, and the pleas of guilty acknowledge its occurrence.

Therefore, the findings of the committee, with the conduct issue so conceded, are to be considered on the issue of mitigation. Those findings reveal a fifty-five year old practitioner whose principal law business is office practice of a modest nature, with the filing of tax returns for a rural clientele a large part of it. He is the only lawyer practicing in the town of Hardwick. He has successfully defended clients in civil tax litigation, including some who were charged civilly for failure to file returns. He has never represented a tax client criminally charged.

As in the Calhoun case, personal difficulties were advanced in mitigation. Serious illness of the respondent and his wife were found to contribute to the difficulties in which he found himself. Although this Court, in order to equitably evaluate disposition, needs to be apprised of such matters, this does not indicate that a retreat from the standards of conduct, to which all members of the profession are held, is permissible because of family problems or physical difficulties.

The respondent attributes his omissions to file as forgetfulness, brought on by his own workload and his concern over his wife's condition. His expectation of notification and opportunity to file returns before any prosecution would be instituted is found to have contributed to his forgetfulness, since no such notice was given. According to the findings his civil tax liability is fully discharged now.

■■ It is the responsibility of this Court to fulfill its obligation to take action to inspire and maintain public confidence in the bar admitted to practice before it, as well as to protect the public from persons unfit to serve as attorneys. The nature of this obligation is explicitly set forth in Chief Justice Holden's dissent in *In re Monaghan,* 126 Vt. 53, 68, 222 A.2d 665, and in *Ford's Case,* 102 N.H. 24, 149 A.2d 863. Our disposition of this matter must be directed toward the requirements of this responsibility.

*Judgment that the respondent, James E. Knapp, is suspended from the office of attorney at law and solicitor in chancery for a period of four months beginning August 16, 1968, and ending December 15, 1968.*