# In re John A. Calhoun

[ 245 A.2d 560 ]

June Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed August 9, 1968

*Louis P. Peck,* Assistant Attorney General, for the State.

*Robert B. Eldredge, Esq.,* for the Defendant.

**Per Curiam.** ■ So that there may be no uncertainty, it should be understood that this Court holds the offense of failing to file income tax returns to be professional misconduct. Although it may not necessarily require disbarment, it is a proper basis for disciplinary action. *In re McShane,* 122 Vt. 442, 175 A.2d 508. It is not only a failure to perform a duty imposed by law on income-earning citizens generally, it is a breach of responsibility that tends to discredit the legal profession which the respondent, as a member of the bar, is obligated to uphold with strict fidelity. See annotation, 59 A.L.R.2d 1398, 1405.

■ This is such a case. During the hearing held before the three-man committee of the bar appointed by this Court to investigate the matter, and in their findings, some doubt appeared as to the significance of the *McShane* case. Since, in that case, this Court administered

a penalty by way of reprimand, it should be clear that misconduct was found, otherwise there would be no foundation for the punishment. When misconduct is established, this Court is not confined to the remedy of disbarment, but may adjust the penalty to what it finds to be the measure of culpability of the attorney, in accordance with its jurisdiction over attorneys as officers of this Court. *In re Paddock,* 114 Vt. 207, 210, 42 A.2d 342.

Thus, when in *In re McShane, supra,* 122 Vt. 442, 443, 175 A.2d 508, reference was made to the lack of bad faith or evil intent, it was in connection with the matter of mitigation, not the issue of guilt or innocence. As the opinion shows, significance was also given to the frustration of the attorney's efforts to complete his returns by the confiscation of his only records. This was reflected in his plea to the Federal charge, the penalty there assessed, the findings of the bar committee and disposition here.

These considerations were felt sufficient to distinguish that penalty from the one involved in *Ford's Case,* 102 N.H. 24, 149 A.2d 863. That case was brought to the attention of this Court at that time, and, both then and now, this Court fully concurs in the reasoning and philosophy so well expressed by Chief Justice Kenison in that opinion. We agree that, in this kind of case, the objective is as he states it to be: "(T)o protect the public from persons unfit to serve as attorneys * * * and to maintain public confidence in the bar as a whole."

In the case before us the respondent entered an unqualified plea of guilty in the United States District Court to the charge of wilfully and knowingly failing to make his income tax return for the year 1963, and was sentenced to four months imprisonment. This offense is a misdemeanor at Federal law. Following his release the attorney-general brought his petition alleging unprofessional conduct and requesting disciplinary action. The appointment of the committee whose findings are before us followed.

The plea of guilty admits the misconduct. *In re Conley,* R.I., 229 A.2d 847. The only issue then remaining is the extent of the penalty. As the findings state, we have here, as in *Ford's Case, supra,* 102 N.H. 24, 149 A.2d 863, an attorney of excellent repute as to character and reputation, uncompromised except for this offense. Commendably, he has refrained from the practice of law ever since his release from confinement.

222

The findings also deal with aspects of the respondent's personal life and circumstances, which are found to have been causative factors in his failure to file his return. It is important for this Court to have such information before it, in order to evaluate the conduct of the respondent. But it must be noted that the respondent undertook to carry on the responsibilities of a practicing attorney in the presence of these difficulties, and cannot now make use of them to excuse his delinquencies. The responsibilities of a member of the bar to the public and to his profession are not subject to special exemptions or lessened standards on account of personal distress or domestic disharmony. The acceptance of the attorney's obligation, symbolized in the administration of the oath of admission, is the assumption of a professional office of special public trust, with standards of conduct which all practitioners must abide.

It is this Court's unpleasant duty to assess the penalty here in reassurance of that public trust, and in the light of its duty to seek to maintain public confidence in the bar.

*Judgment that the respondent, John A. Calhoun, is suspended from the office of attorney at law and solicitor in chancery for a period of four months beginning August 16, 1968, and ending December 15, 1968.*