**In the Matter of Greeley GAY.**

**No. 680 S 185.**

Supreme Court of Indiana.

Dec. 19, 1980.

---

### ORDER APPROVING CONDITIONAL AGREEMENT IMPOSING A 30–DAY SUSPENSION

GIVAN, Chief Justice.

Come now the Disciplinary Commission of the Supreme Court of Indiana and Greeley Gay, Respondent in this case, and, pursuant to Admission and Discipline Rule 23, Section 11(d), tender to this Court a "Statement of Circumstances and Conditional Agreement for Discipline," which agreement more fully appears in words and figures as follows, to–wit:

(H. I.)

And this Court, being duly advised, now finds that the Respondent was admitted to the Bar of the State of Indiana on December 14, 1949. We find further that on November 2, 1976, the Respondent was found guilty upon a plea of nolo contendere of the offense of failure to timely file United States Individual Income Tax Returns for the calendar years 1972 and 1973, in violation of Title 26 U.S.C. 7203, by the United States District Court for the Southern District of Indiana. These facts establish that Respondent engaged in illegal conduct involving moral turpitude, conduct that is prejudicial to the administration of justice and conduct that adversely reflects on his fitness to practice law, in violation of DR 1–102(A)(3), (5) and (6). We also find that the agreed discipline in this case, a suspension from the practice of law in the State of Indiana for thirty (30) days with automatic reinstatement after such period and subject to the provisions of Admission and Discipline Rule 23, Section 4(b), is appropriate discipline in light of the circumstances of this case. This Court also finds that Respondent has complied with the requirements of Admission and Discipline Rule 23, Section 17(a) by delivering to this Court the requisite affidavit.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by this Court that the Conditional Agreement for Discipline tendered in this cause is now accepted and approved. In accordance with such agreement, the Respondent, Greeley Gay, is suspended from the practice of law beginning January 19, 1980, for a period of thirty (30) days.

IT IS FURTHER ORDERED that the Clerk of this Court shall forward a copy of this Order to the parties in this action and to their attorneys of record.

Costs of this proceeding are assessed against Respondent.

All Justices concur.