### In re George E. TAFT, Esq.

[613 A.2d 717]

No. 92-201

July 14, 1992. Pursuant to the recommendation of the Professional Conduct Board filed May 4, 1992, and approval thereof, it is hereby ordered that George E. Taft, Esq., be suspended for four months for the reasons set forth in the Board's findings of facts, conclusions of law, and recommended sanction attached hereto for publication as part of the order of this Court. A.O. 9, Rule 8E.

The period of suspension shall begin on August 1, 1992, and end on November 30, 1992.

#### Facts

1. Respondent has been a member of the Vermont Bar since 1974.

2. On January 30, 1991, respondent pled nolo contendere to two counts of knowingly failing to file Vermont income tax returns for 1987 and 1988, in violation of § 5894(b) of 32 Vermont Statutes Annotated. Respondent was fined $250 for each of these offenses. He paid the fines in full.

3. Respondent also failed to file income taxes with the state between 1981 and 1987. He was not prosecuted for these offenses.

4. At the time respondent failed to file his returns, respondent knew of his legal obligation to file income tax returns for each of these years.

5. Respondent attributes his failure to file income tax returns to his alcoholism, which became chronic in 1976.

6. In October of 1988, the respondent's mid-day consumption of alcohol was noticed by the court. The presiding judge remarked to respondent that there was no place in court for the use of alcohol.

7. Respondent was motivated by events in his personal life to join Alcoholics Anonymous. Respondent has been sober since October 28, 1988, although he no longer attends AA meetings on a regular basis.

8. Respondent knew that he had failed to pay taxes but did not confront his tax problems voluntarily prior to October of 1990 when the Vermont Department of Taxes began its inquiry into respondent's tax liability. That inquiry resulted in his conviction.

9. Since the criminal charges were filed against him, respondent has paid all back taxes due, including all penalties and interest, and has met all his current tax obligations under the laws of Vermont.

#### Conclusions of Law

Based upon the facts stipulated above, respondent and bar counsel agree that respondent's conduct violated the following provisions of the Code of Professional Responsibility:

DR 1-102(A)(3) (illegal conduct involving moral turpitude); and

DR 1-102(A)(5) (conduct prejudicial to the administration of justice).

## Sanction

Respondent and bar counsel agree that the following mitigating factors are present:

1. absence of a prior disciplinary record;

2. personal problems;

3. full and free disclosure to bar counsel and cooperative attitude toward disciplinary proceedings;

4. imposition of other penalties.

Respondent and bar counsel also agree that the following aggravating factors are present:

1. dishonest or selfish motive;

2. multiple offenses;

3. substantial experience in the practice of law.

Respondent submits that his practice is the sole source of his livelihood, his income is modest, that he recognized and sought treatment for his alcoholism, and that he continues his treatment on an as needed basis. On the other hand, respondent acknowledges that the failure to file income tax returns "is not only a failure to perform a duty imposed by law on income-earning citizens generally, it is a breach of responsibility that tends to discredit the legal profession which the respondent, as a member of the bar, is obligated to uphold with strict fidelity." *In re Calhoun*, 127 Vt. 220, 220, 245 A.2d 560, 560 (1968).

Respondent and bar counsel recommend that a sanction no greater than a four month suspension be imposed in this case. See *In re Knapp*, 127 Vt. 222, 245 A.2d 561 (1968).