**In re Edwin W. FREE, Jr., Esq.**

[616 A.2d 1140]

No. 92-438

October 22, 1992. Pursuant to the recommendation of the Professional Conduct Board filed August 31, 1992, and approval thereof, it is hereby ordered that Edwin W. Free, Jr., Esq., be suspended for six months for the reasons set forth in the Board's notice of decision and accompanying stipulation attached hereto for publication as part of the order of this Court. A.O. 9, Rule 8E.

The period of suspension shall begin on November 1, 1992, and end on April 30, 1993.

*Notice of Decision*

Upon consideration of the stipulation submitted by bar counsel and respondent, the Professional Conduct Board finds that respondent violated DR 1-102(A)(3) (illegal conduct involving moral turpitude); DR 1-102(A)(5) (conduct prejudicial to the administration of justice); and DR 1-102(A)(7) (conduct adversely reflecting on a respondent's fitness to practice law). In recommending what sanction should be imposed, the Professional Conduct Board is mindful that the respondent

made full and free disclosure to bar counsel and exhibited a cooperative attitude toward disciplinary proceedings. Other penalties for his criminal conduct have also been imposed through the judicial process. The Board also finds the following aggravating factors present: a disciplinary record, multiple offenses, and substantial experience in the practice of law.

Consistent with *In re Calhoun*, 127 Vt. 220, 245 A.2d 560 (1968), and *In re Knapp*, 127 Vt. 222, 245 A.2d 561 (1968), and mindful of the Supreme Court's actions in the recent decisions of *In re Massucco*, 159 Vt. 617, 613 A.2d 718 (1992), and *In re Taft*, 159 Vt. 618, 613 A.2d 717 (1992), the Board recommends to the Supreme Court that the following sanction be imposed in this case:

Suspension from the practice of law for six months.

### Stipulation

Now come bar counsel and respondent, Edwin W. Free, Jr., Esq., appearing pro se, and hereby stipulate to the following findings of fact, conclusions of law, and waiver of procedural rights.

### Facts

1. Respondent has been a member of the Vermont Bar since 1960.

2. On March 23, 1992, respondent pled guilty to three counts of knowingly failing to file Vermont income tax returns when due for 1988, 1989, and 1990, in violation of § 5894(b) of 32 Vermont Statutes Annotated. Respondent was fined $500 for each count. He was sentenced thirty days for each count, to run concurrently. The sentences were suspended and respondent was placed on probation.

3. Respondent also failed to file Vermont income tax returns when due for the years 1984 through 1987. He was not prosecuted for those offenses.

4. Respondent knew of his obligation to file income tax returns for each of these years when he failed to file.

5. Respondent knew when he failed to file his income tax returns that such conduct was a violation of civil and criminal laws.

6. Since the criminal charges were filed against him, respondent has paid all back taxes due, including all penalties and interest, and has met all his current tax obligations under the laws of Vermont.

### Conclusions of Law

Based upon the facts stipulated above, respondent and bar counsel agree that respondent's conduct violated the following provisions of the Code of Professional Responsibility:

DR 1-102(A)(3)(illegal conduct involving moral turpitude);

DR 1-102(A)(5)(conduct prejudicial to the administration of justice); and

DR 1-102(A)(7)(conduct adversely reflecting on respondent's fitness to practice law).

### Sanction

Respondent and bar counsel agree that the following mitigating factors are present:

1. full and free disclosure to bar counsel and cooperative attitude toward disciplinary proceedings;

2. imposition of other penalties.

Respondent and bar counsel also agree that the following aggravating factors are present:

1. prior disciplinary record;

2. multiple offenses;

3. substantial experience in the practice of law.

Respondent acknowledges that the failure to file income tax returns "is not only a failure to perform a duty imposed by law on income-earning citizens generally, it is a breach of responsibility that tends to discredit the legal profession which the respondent, as a member of the bar, is obligated to uphold with strict fidelity." *In re Calhoun*, 127 Vt. 220, 220, 245 A.2d 560, 560 (1968). Respondent accepts full responsibility for this professional misconduct.

Respondent and bar counsel recommend that a sanction of not less than four months' suspension be imposed in this case. See *In re Knapp*, 127 Vt. 222, 245 A.2d 561 (1968).