**In the Matter of Lawrence B. O'CONNELL.**

**No. 79S00–9512–DI–1331.**

Supreme Court of Indiana.

Nov. 20, 1997.

Joseph S. Van Bokkelen, Goodman, Ball, Van Bokkelen Leonard & Kline, P.C., Highland, for Respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, for The Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The respondent, Lawrence B. O'Connell, and the Disciplinary Commission have tendered to this Court stipulated facts in which they state that the respondent engaged in certain actions which the Commission alleges violate the *Rules of Professional Conduct for Attorneys at Law.* As the final arbiter of attorney misconduct and sanction, this matter is now before us for final resolution. *In re Huebner,* 561 N.E.2d 492 (Ind.1990).

The respondent was admitted to the bar of this state in 1975 and is subject to the disciplinary jurisdiction of this Court. In December 1995, the Commission filed a one-count *Verified Complaint for Disciplinary Action,* therein alleging that the respondent violated Ind. Professional Conduct Rule 8.4(c) by failing to file personal tax returns for calendar years 1989 and 1990.[1] By their stipulations,

---

1. Professional Conduct Rule 8.4(c) provides that it is professional misconduct for a lawyer to

the parties now agree that on April 12, 1995, the respondent was charged in the United States District Court for the Northern District of Indiana in a two-count information with failing to file U.S. individual income tax returns for the years 1989 and 1990, in violation of 26 U.S.C. § 7203. Contemporaneously with the filing of the charges, the respondent and the U.S. attorney filed a petition to enter a plea of guilty, wherein the respondent admitted that he had voluntarily and intentionally failed to file individual income tax returns for 1989 and 1990. On August 4, 1995, the district court entered a judgment of conviction against the respondent on each of the counts. He was subsequently placed on probation for a period of two years, ordered to perform community service, and placed on home detention for four months. The parties also agree that during 1989 and 1990, while serving as the Tippecanoe County attorney, the respondent earned more than $250,000 for services he rendered for the county.

We find that by knowingly failing to file his individual tax returns for 1989 and 1990, the respondent engaged in conduct involving dishonesty, fraud, deceit, and misrepresentation in violation of Prof.Cond.R. 8.4(c).

We must now determine an appropriate sanction for the respondent's misconduct. Where a lawyer fails to file a personal income tax return, without significant aggravating factors attendant thereto, this Court has imposed a short suspension from the practice of law. Thus, for example, where a lawyer was found guilty of failing to file income tax returns for two successive years, this Court accepted a *Statement of Circumstances and Conditional Agreement for Discipline* imposing a thirty day suspension from the practice of law. *In re Schnaitter*, 407 N.E.2d 1153 (Ind.1980). *See also In re Gay*, 413 N.E.2d 879 (Ind.1980) (thirty day suspension for failure to file income tax returns for 1972 and 1973); *In re Hirschauer*, 441 N.E.2d 480 (Ind.1982) (thirty days for multiple years of failing to file returns). However, where there are aggravating factors, this Court has

imposed more stringent sanctions. *See, e.g., In re Transki*, 620 N.E.2d 16 (Ind.1993) (90 day suspension for felony failure to file federal tax return).

The respondent has submitted a lengthy statement in mitigation. In it, he states that immediately preceding his failure to file tax returns, he suffered several business-related financial setbacks which left him without sufficient funds to pay his income taxes. He also asserts that he thought the only penalty for failure to file a tax return was added interest and penalty.[2] He states that it was never his intention wrongfully to avoid any tax liability.

We are not persuaded by the respondent's assertions in mitigation, as they do not outweigh the significant aggravating factors. The respondent failed timely to pay taxes on very substantial income he derived from his work as the Tippecanoe County attorney. The fact that the respondent was willing to accept substantial income for government service he provided while failing to pay his share of taxes on that income no doubt weakened public confidence in the office of county attorney. Further, we are not persuaded by the respondent's assertion that he did not realize his failure to file a federal return risked more than merely added interest and tax penalty. The respondent's business dealings indicate that he is a sophisticated businessman. It strains credibility for him to claim that he innocently failed to recognize the significance of failing to file a federal tax return.

Based on these aggravating factors, we are convinced that a suspension of more than 30 days is necessary to demonstrate our intolerance of this type of misconduct, especially by those entrusted with significant public obligation. It is, therefore, ordered that the respondent, Lawrence B. O'Connell, be suspended from the practice of law for a period of 60 days to begin on December 22, 1997, at the conclusion of which he shall be automatically reinstated to the practice of law.

engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

**2.** The respondent states that he filed for and received extensions of time during which to file

his returns for tax years 1989 and 1990. He did not, however, then cause his tax returns to be filed within the extension period.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.