### In re Richard F. TAYLOR, Esq.

[768 A.2d 1273]

No. 00-178

December 29, 2000. The former Professional Conduct Board (now the Professional Responsibility Board) recommends that respondent Richard F. Taylor be suspended from the practice of law for six months. Respondent argues that the Board and hearing panel were without jurisdiction to render recommendations on the two misconduct petitions and that the Board's determination that he was motivated by selfishness or dishonesty in his conduct is without support in the record. We adopt the Board's recommendation and impose a six month suspension.

The facts as stipulated to by respondent are as follows: Respondent was admitted to the practice of law in Vermont in 1978. In 1992, respondent moved to St. John, United States Virgin Islands and in 1993 placed his license on inactive status. In July 1994, the Addison Family Court entered an order requiring respondent to pay spousal maintenance and child support to his former wife. When respondent failed to make payments in accordance with the court's order, respondent's wife sought enforcement of the order. In September 1996, the court entered judgment against respondent in the amount of $13,699.80, along with attorney fees, and ordered respondent to pay that amount within thirty days.

Respondent did not pay the judgment within thirty days and also continued to fail to comply with the family court's original order. This resulted in a second enforcement action by respondent's wife and a March 1997 judgment for an additional $23,518.60 and attorney fees, payable within ten days of the court's order. The court also ordered that respondent would be held in contempt for failing to comply within the ten-day period. Following a show cause hearing, the court found respondent to be in contempt of court and ordered him confined for a period of seven days. In May 1997, respondent was charged with misdemeanor nonsupport under 15 V.S.A. § 202. He was convicted following a jury trial and served sixty days in jail.

The Office of Bar Counsel brought two petitions of misconduct against respondent based on the above facts. The first, filed March 4, 1999, was based on his conduct before the family court, and the second, filed June 28, 1999, was based on his conviction of the crime of nonsupport. The cases were consolidated and were considered by a hearing panel. Following submissions by bar counsel and respondent, the Professional Conduct Board

adopted the hearing panel's report and recommended suspension of respondent for a period of six months based on its determination that respondent's conduct before the family court violated DR 1-102(A)(5) (conduct prejudicial to the administration of justice), DR 1-102(A)(7) (conduct adversely reflecting on fitness to practice law) and DR 7-106(A) (disregard of court orders). It dismissed, however, the count alleging a violation of DR 1-102(A)(3) (illegal conduct involving a serious crime) that was based on his conviction of criminal nonsupport. Respondent now appeals to this Court.

Prior to review by the hearing panel, respondent and bar counsel entered a stipulation that the disciplinary proceedings should be conducted pursuant to the newly-enacted rules establishing the Professional Responsibility Program. The hearing panel, however, rejected this stipulation, determining that the proceedings were instead governed by the rules as they existed prior to amendment. Respondent argues on appeal that this was error and that the new rules should govern. He reasons that, because appeals are directly from a hearing panel to this Court under the new rules, Administrative Order 9, Rule 11(E), and no appeal was taken to *this* Court from the hearing panel decision in this case within thirty days, the hearing panel decision is final. He further reasons that, because the new rules indicate that hearing panels should be appointed by the chair of the Professional *Responsibility* Board, Administrative Order 9, Rule 2(A), and the hearing panel which reviewed his case was instead appointed by the chair of the Professional *Conduct* Board, the panel was without jurisdiction or authority to preside in his case. Therefore, its judgment is void.

Respondent's argument is without merit. This Court's order amending the rules governing attorney discipline explicitly provided that any matter pending at the time the rules took effect on September 1, 1999, in which a formal hearing had been commenced would be governed by the old rules. Administrative Order 9, History. Formal proceedings are commenced by the filing of a petition of misconduct. Administrative Order 9, Rule 8(C) (amended March 11, 1999, effective September 1, 1999); see also Administrative Order 9, Rule 11(D) (current rule governing initiation of formal disciplinary proceedings). Both petitions of misconduct in this case were filed before September 1, 1999 and, therefore, formal proceedings were pending against respondent at the time the new rules took effect. Accordingly, the proceedings against respondent were properly conducted pursuant to the old rules.

Respondent also argues in the alternative that the Board's adoption of the panel's finding that his conduct was motivated by selfishness or dishonesty is not supported by the record and should be stricken from the Board's recommendation. More specifically, when determining the appropriate sanction, the panel found in aggravation the presence of a "dishonest or selfish motive." Given that bar counsel has taken no position on this specific finding and that this case is before us on the stipulated facts recounted above, we decline to adopt the finding as part of our decision. Nevertheless, we conclude that the recommended sanction of suspension for six months is merited as respondent does not challenge the Board's determinations that his conduct before the family court violated DR 1-102(A)(5), DR 1-102(A)(7) and DR 7-106(A). Cf. *In re Free*, 159 Vt. 625, 625-26, 616 A.2d 1140, 1140-41 (1992) (mem.) (imposing six month suspension for illegal conduct involving moral turpitude, conduct prejudicial to the administration of justice and conduct adversely reflecting on the respondent's fitness to practice law where respondent had failed to pay his state taxes for a number of years).

*Respondent Richard F. Taylor is suspended from the practice of law for a period of six months.*