826 So.2d 1249 (2002)
Isaac K. BYRD, Jr.
v.
THE MISSISSIPPI BAR.
No. 2001-BA-00731-SCT.
Supreme Court of Mississippi.
July 25, 2002.
*1251 Hiawatha Northington, II, Precious Tyrone Martin, John L. Maxey, II, Jackson, attorneys for appellant.
Michael B. Martz, attorney for appellee.
EN BANC.
WALLER, J., for the Court.
¶ 1. Isaac K. Byrd, Jr., an attorney, appeals from an order of a complaint tribunal of the Mississippi Bar imposing a nine-month suspension from the practice of law for his failure to file federal and state income tax returns. We modify the complaint tribunal's order and order a five-month suspension from the practice of law.

FACTS AND PROCEDURAL HISTORY
¶ 2. Byrd was investigated and interviewed by the Internal Revenue Service in 1995 regarding his failure to file federal income tax returns for several years. Byrd was candid with the IRS investigators and explained that his reason for failing to file his income tax returns was procrastination and that, once he fell behind, he continued to procrastinate. During the course of the investigation, Byrd neither sought counsel nor denied his failure to file tax returns.
¶ 3. Byrd was charged with failure to file and pay federal income taxes from 1992 to 1994, in violation of 26 U.S.C. § 7203. He later pled guilty to one count of failure to file for 1992, a Class A federal misdemeanor, and was sentenced to two years probation, a $10,000 fine, and four months of home confinement. The sentence also required Byrd to determine his correct federal taxes for 1992, 1993, and 1994 and to arrange to cure his outstanding tax obligations. Byrd's total delinquent federal taxes, interest and penalties totaled $533,517.36.
¶ 4. The Mississippi Bar filed a formal complaint against Byrd, alleging that he violated Rules 8.4(b) and 8.4(d) of the Mississippi Rules of Professional Conduct. At the trial before the complaint tribunal, Byrd established that his client trust account was never in jeopardy and that he remained current on payments of federal and state employee withholding taxes. He did, however, admit that he failed to file tax returns from 1986 to 1994, not just from 1992 to 1994, and that he did not file or pay Mississippi state income taxes for 1992 to 1994 since the tax returns for these years were not signed until November 14, 1996.
¶ 5. At the close of the trial, the complaint tribunal ordered that Byrd be suspended from the practice of law for nine months. In so doing, it weighed the mitigating circumstances and aggravating circumstances presented and concluded that Byrd "engaged in professional misconduct by the commission of a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects in violation of Rules 8.4(b) and 8.4(d), Mississippi Rules of Professional Conduct, justifying the imposition of disciplining sanctions...." Byrd appeals from this adverse ruling.

*1252 STANDARD OF REVIEW

¶ 6. In matters pertaining to attorney discipline and reinstatement, we retain exclusive jurisdiction and are the ultimate judge of matters that arise under the Rules of Discipline for the Mississippi State Bar. Rules of Discipline for the Mississippi State Bar Rule 1(a); Rogers v. Miss. Bar, 731 So.2d 1158, 1163 (Miss. 1999) (citing Broome v. Miss. Bar, 603 So.2d 349, 354 (Miss.1992)).
¶ 7. Pursuant to Rule 9.4 of the Rules of Discipline for the Mississippi Bar, we "shall review the entire record and the findings and conclusions of the Tribunal, and shall render such orders as the Court may find appropriate." In so doing, we review attorney discipline matters under the de novo standard on a case-by-case basis sitting as triers of fact. Foote v. Miss. Bar, 517 So.2d 561, 564 (Miss.1987) (collecting authorities). Also, no substantial evidence or manifest error rule will shield the tribunal from our scrutiny. Id.
¶ 8. In attorney discipline cases, it is permissible for us to defer to the findings of a complaint tribunal because it has the exclusive opportunity to observe the demeanor and attitude of the witnesses. Emil v. Miss. Bar, 690 So.2d 301, 309 (Miss.1997); Mississippi Bar v. Robb, 684 So.2d 615, 620 (Miss.1996); Asher v. Miss. Bar, 661 So.2d 722, 727 (Miss.1995); Mississippi Bar v. Land, 653 So.2d 899, 900-01 (Miss.1994); Mathes v. Miss. Bar, 637 So.2d 840, 846 (Miss.1994). As such, we should be reluctant to reverse a complaint tribunal when, given the facts, its holding is reasonable.

DISCUSSION

I. WHETHER THE COMPLAINT TRIBUNAL ERRED IN FINDING THAT BYRD VIOLATED RULES 8.4(b) AND 8.4(d) OF THE MISSISSIPPI RULES OF PROFESSIONAL CONDUCT.

A. WHETHER FAILURE TO FILE INCOME TAX RETURNS REFLECTED ADVERSELY ON BYRD'S HONESTY, TRUSTWORTHINESS OR FITNESS AS A LAWYER IN OTHER RESPECTS
¶ 9. Under Rule 8.4(b) of the Mississippi Rules of Professional Conduct, a lawyer commits professional misconduct when he "commit[s] a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." Pertinent to this case is the comment to Rule 8.4 which states that "Many kinds of illegal conduct reflect adversely on fitness to practice law, such as offenses involving fraud and the offense of willful failure to file an income tax return." (emphasis added). While Byrd vehemently asserts that his failure to file was due to procrastination on his part, he acknowledged that he knew he was required to file. His reasons for not filing cannot be characterized as anything other than willful even though he had no intent to defraud the government.
¶ 10. Since the issue presented in this case is one of first impression in Mississippi, we look to other jurisdictions which have handled similar cases. The Court of Appeals of Maryland has held that failure to file income tax returns violates Rule 8.4(b). Attorney Grievance Comm'n v. Atkinson, 357 Md. 646, 745 A.2d 1086, 1091 (2000). In Atkinson, the attorney failed to file federal and state income tax returns from 1988 to 1996. Id. at 1087. In upholding an indefinite suspension, the court held that
The repeated failure to file tax returns particularly when it span[ned] an uninterrupted period of over ten years is not a minor criminal offense, is a dishonest act, and reflects adversely on a lawyer's honesty, trustworthiness and fitness to practice law. A conviction for *1253 tax evasion is not a necessary predicate to support a finding of dishonesty.
Id. at 1091. See also In re O'Connell, 687 N.E.2d 573 (Ind.1997) (holding that failure to file a state return was a serious crime that reflected adversely upon an attorney's honesty, trustworthiness and fitness as a lawyer); In re Tootle, 334 S.C. 20, 511 S.E.2d 687 (1999) (same); In re Boggs, 324 S.C. 243, 478 S.E.2d 838 (1996) (same). Since Maryland's version of Rule 8.4(b) is exactly the same as Mississippi's version and the result in Atkinson is well-founded and reasonable, we conclude that failure to file income tax returns is a violation of M.R.P.C. 8.4(b).

B. WHETHER THE COMPLAINT TRIBUNAL ERRED IN FINDING THAT BYRD ENGAGED IN CONDUCT THAT WAS PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE.
¶ 11. Byrd further contends that the complaint tribunal erred when it declared that his professional misconduct was in violation of Rule 8.4(d), which states that "engag[ing] in conduct that is prejudicial to the administration of justice" constitutes professional misconduct. Byrd relies on our decision in Rogers to support his position that failure to file income tax returns does not fall under the ambit of Rule 8.4(d).
¶ 12. In Rogers, an attorney was suspended for converting funds from his law firm by performing legal services at night and on weekends. 731 So.2d at 1161. He was charged with violating several rules, including Rule 8.4(d). Id. at 1170. We stated that "conduct prejudicial to the administration of justice" as found in Rule 8.4(d) was synonymous with "`conduct unbecoming a member of the bar' [or] conduct contrary to professional standards that show an unfitness to discharge continuing obligations to clients or the courts." Id. (quoting In re Snyder, 472 U.S. 634, 645, 105 S.Ct. 2874, 86 L.Ed.2d 504 (1985)). We further stated that Rule 8.4(d) has been applied to situations where "an attorney's conduct has a prejudicial effect on a judicial proceeding or a matter directly related to a judicial proceeding." Id. (emphasis added).
¶ 13. In support of its contention that Byrd violated Rule 8.4(d), the Bar cited Attorney Grievance Comm'n v. Breschi, 340 Md. 590, 667 A.2d 659 (1995), in its brief. In Breschi, the attorney failed to file his 1989 and 1990 federal income tax returns. Id. at 661. In finding a violation of Rule 8.4(d), the Court of Appeals of Maryland held that "Regardless of whether Respondent was criminally prosecuted or eventually paid what he owed, Respondent's conduct in willfully failing to file his 1989 and 1990 tax returns and pay his taxes in a timely fashion is inherently `conduct that is prejudicial to the administration of justice' because it violated federal law." Id. at 664. In our opinion such a proposition is inconsistent with our interpretation of Rule 8.4(d) as stated in Rogers, since Byrd's acts had no prejudicial effect on any judicial proceeding or any matter directly related to a judicial proceeding. See Rogers, 731 So.2d at 1170. See also In re Shorter, 570 A.2d 760 (D.C. 1990) (holding that failure to file income tax returns is not "conduct prejudicial to the administration of justice" because the "misconduct did not bear directly upon any decision or the decision-making process of any tribunal.") We therefore reverse the finding of the complaint tribunal that Byrd violated Rule 8.4(d).

II. WHETHER THE COMPLAINT TRIBUNAL ERRED IN SANCTIONING BYRD TO A NINE-MONTH SUSPENSION FROM THE PRACTICE OF LAW.
¶ 14. Finding that Byrd did in fact violate one of the provisions of Rule 8.4, *1254 our inquiry turns to the propriety of the nine-month suspension. In assessing a sanction in an attorney discipline case, we apply the following nine criteria: (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) the protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer's mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating and/or mitigating factors. Rogers, 731 So.2d at 1171 (citing Mississippi Bar v. Felton, 699 So.2d 949, 951 (Miss.1997)). See also Mississippi Bar v. Shah, 749 So.2d 1047 (Miss. 1999); Attorney AAA v. Miss. Bar, 735 So.2d 294 (Miss.1999); Mississippi Bar v. Logan, 726 So.2d 170 (Miss.1998); Alexander v. Miss. Bar, 725 So.2d 828 (Miss. 1998).
¶ 15. There is no standard to be applied in arriving at a particular punishment for attorney misconduct because each case turns on its own facts and circumstances. AAA, 735 So.2d at 297; Parrish v. Miss. Bar, 691 So.2d 904, 907 (Miss.1996); Mississippi Bar v. Attorney HH, 671 So.2d 1293, 1295 (Miss.1995); In re Baker, 649 So.2d 850, 852 (Miss.1995). Given this situation and the dearth of Mississippi precedent for an appropriate punishment for this type of infraction, we look to the precedent of other jurisdictions. See In re Tos, 610 A.2d 1370 (Del.1992) (three years of nonfiling with three private admonitions and one prior suspension three year suspension); In re Sanders, 498 A.2d 148 (Del.Super.1985) (five years of nonfiling and unblemished recordone year suspension); Florida Bar v. Lord, 433 So.2d 983 (Fla.1983) (22 years of nonfiling and unblemished recordsix-month suspension); Florida Bar v. Solomon, 338 So.2d 818 (Fla.1976) (one year of nonfiling with two private reprimands and one prior suspensionsix-month suspension); In re Hopper, 85 Ill.2d 318, 53 Ill.Dec. 231, 423 N.E.2d 900 (1981) (two years of nonfiling with no indication of prior violationscensure); Iowa Supreme Court Bd. of Prof'l Ethics & Conduct v. Wickey, 619 N.W.2d 319 (Iowa 2000) (eight years of nonfiling with one prior public reprimandindefinite suspension with no possibility of reinstatement for six months); Comm. on Prof'l Ethics & Conduct v. Crawford, 351 N.W.2d 530 (Iowa 1984) (one year of nonfiling with no indication of prior violations indefinite suspension with no possibility of reinstatement for six months); Comm. on Prof'l Ethics & Conduct v. Roberts, 246 N.W.2d 259 (Iowa 1976) (nine years of nonfiling with no indication of prior violations18-month suspension); Comm. on Prof'l Ethics & Conduct v. Bromwell, 221 N.W.2d 777 (Iowa 1974) (eight years of nonfiling with no indication of prior violationsindefinite suspension with no possibility of reinstatement for 18 months); Attorney Grievance Comm'n v. Barnes, 286 Md. 474, 408 A.2d 719 (1979) (two years of nonfiling with no indication of prior violationsthree year suspension); In re Bolen, 416 N.W.2d 449 (Minn.1987) (four years of nonfiling with no indication of prior violations30-day suspension); In re MacLeod, 479 S.W.2d 443 (Mo.1972) (three years of nonfiling with no indication of prior violationsindefinite suspension with leave to apply for reinstatement after 18 months); In re Chester, 117 N.J. 360, 567 A.2d 1008 (1990) (four years of nonfiling with one prior private reprimandsix-month suspension); In re Wilson, 24 N.J. 277, 131 A.2d 750 (1957) (two years of nonfiling and unblemished recordone year suspension); Matter of Norrid, 100 N.M. 326, 670 P.2d 580 (1983) (one year of nonfiling with no indication of prior violations disbarred until completion of three year suspension and attainment of passing score on Multi-state Professional Responsibility Examination); In re Hollman, 164 *1255 A.D.2d 328, 563 N.Y.S.2d 409 (N.Y.App. Div.1991) (three years of nonfiling and unblemished recordpublic censure); In re McCabe, 110 A.D.2d 335, 494 N.Y.S.2d 863 (N.Y.App.Div.1985) (four years of nonfiling with one prior informal admonitioncensure); Steuben County Bar Ass'n v. Costello, 21 A.D.2d 364, 250 N.Y.S.2d 941 (N.Y.App.Div.1964) (six years of nonfiling with no indication of prior violationssix-month suspension); Cleveland Bar Ass'n v. Bilinski, 177 Ohio St. 43, 201 N.E.2d 878 (1964) (nine years of nonfiling with no indication of prior violationsindefinite suspension); Dayton Bar Ass'n v. Prear, 175 Ohio St. 543, 196 N.E.2d 773 (1964) (three years of nonfiling with one of those years of nonfiling occurring while on probation for a previous year of nonfiling indefinite suspension); In re Means, 207 Or. 638, 298 P.2d 983 (1956) (two years of nonfiling with no indication of prior violations six-month suspension); In re Almonte, 678 A.2d 457 (R.I.1996) (five years of nonfiling with no indication of prior violationspublic censure); In re Free, 159 Vt. 625, 616 A.2d 1140 (1992) (seven years of nonfiling and prior disciplinary recordsix-month suspension).
¶ 16. Judging from these cited cases, it is obvious that there is no consistent pattern in which sanctions are rendered. However, we can establish the appropriateness of the nine-month suspension by weighing the aggravating and mitigating circumstances presented. In aggravation, Byrd pled guilty to one count of failure to file a federal income tax return for 1992 although he was charged with nonfiling for 1993 and 1994 as well. He further admitted not filing federal income tax returns from 1986 to 1991 and state income tax returns from 1992 to 1994. Although he pled guilty to only one misdemeanor count, we can consider all instances of nonfiling because Rule 8.4(b) requires commission of a criminal act and not necessarily a conviction. This comes out to a total of twelve years of nonfiling and twelve transgressions of Rule 8.4(b).
¶ 17. In further aggravation is Byrd's prior disciplinary record. We are permitted to consider prior infractions by attorneys in imposing disciplinary measures. Mississippi Bar v. Alexander, 697 So.2d 1164, 1168-69 (Miss.1997); Culpepper v. Miss. Bar, 588 So.2d 413, 421 (Miss. 1991). Between 1986 and 1996, Byrd has been given one Public Reprimand, one Private Reprimand, and three Informal Admonitions. In its order, the complaint tribunal considered these prior violations in arriving at the nine-month suspension.
¶ 18. This case is not without mitigating factors, however. Byrd has cured his past tax obligations to the government along with penalties and interest thereon. He has also implemented within his office accounting protocols to assure that his tax records are adequately maintained. His client trust account was never in jeopardy, and he remained current on employee withholding taxes. Furthermore, we are also aware of Byrd's reputation for charity in the Jackson community as confirmed by the testimony of Leland Speed and former Governor William F. Winter.
¶ 19. Byrd asserts that the injuries resulting from his violations are limited to himself and, as such, warrant a lesser penalty. With regard to this point, we emphasize the fact that the punishment ordered by the complaint tribunal and modified by this Court is not intended to be punitive with respect to Byrd. The goal of attorney discipline is protection of the public and the administration of justice, maintenance of appropriate professional standards, and deterrence of similar conduct. Asher, 661 So.2d at 731. That goal also includes vindication of the reputation of the bar in the eyes of the general public. *1256 Mississippi Bar v. Walls, 797 So.2d 217, 219 (Miss.2001).
¶ 20. In our opinion, the nine-month suspension ordered by the complaint tribunal is overly harsh given our conclusion that Byrd did not violate Rule 8.4(d). We feel that a five-month suspension is reasonable given the extent and degree of Byrd's violations and his prior disciplinary record. A five-month suspension adequately meets the nine criteria listed above used in assessing sanctions in attorney discipline cases.

CONCLUSION
¶ 21. The holding of the complaint tribunal that Byrd violated Rule 8.4(b) is affirmed, and the holding that he violated Rule 8.4(d) is reversed. We modify the order of the complaint tribunal that Byrd be suspended from the practice of law for nine months and order that Byrd be suspended from the practice of law for five months.
¶ 22. AFFIRMED IN PART; REVERSED IN PART. ISAAC K. BYRD, JR., IS HEREBY SUSPENDED FROM THE PRACTICE OF LAW FOR FIVE MONTHS.
PITTMAN, C.J., McRAE AND SMITH, P.JJ., DIAZ, CARLSON AND GRAVES, JJ., CONCUR. COBB AND EASLEY, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.